UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:08-cv-00403

SMD SOFTWARE, INC., a North )
Carolina corporation, and SITELINK )
SOFTWARE, LLC, a North Carolina )
limited liability company, )
          Plaintiffs, )
vs. )   PLAINTIFF'S MOTION
   )   TO AMEND COMPLAINT
   )   JURY TRIAL DEMANDED
AMERCO, INC., a Nevada corporation, )
U-HAUL INTERNATIONAL, )
INC., a Nevada corporation, and )
EMOVE, INC., a Nevada corporation, )
          Defendants. )

## PLAINTIFF'S MOTION TO AMEND COMPLAINT

COMES NOW the Plaintiffs, by and through undersigned counsel, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and hereby moves this honorable Court to amend its Complaint in the above-captioned matter and says:

1. On 20 August, 2008, Defendant filed a notice of removal pursuant to 28 U.S.C. § 1446.

2. On 21 August, 2008, Defendant filed a disclosure of corporate affiliations with this court, disclosing Defendant U-Haul, Incorporated's relationship with its parent corporation, AMERCO, Incorporated.

Based upon the removal and these corporate disclosures, Plaintiff moves this Court to amend its Complaint to add AMERCO, Incorporated, as a Defendant, and to include further causes of

action applicable under Federal Law. A copy of the proposed Amended Complaint is attached hereto and incorporated herein by reference.

WHEREFORE, the undersigned hereby prays judgment of the Court as follows:

1. That the Plaintiff be allowed to amend its Complaint as attached hereto.

2. That the Plaintiff be allowed to serve its Amended Complaint in accordance with the Federal Rules of Civil Procedure.

3. For such other and further relief as the Court may deem just and proper.

Respectfully submitted, this the 10th day of September, 2008

>s/ Luther D. Starling, Jr.
> LUTHER D. STARLING, JR.
> Attorney for the Plaintiffs
> Post Office Drawer 1960
> Smithfield, North Carolina 27577
> Telephone: (919) 934-5012

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:08-cv-00403

| | |
|---|---|
| SMD SOFTWARE, INC., a North Carolina corporation, and SITELINK SOFTWARE, LLC, a North Carolina limited liability company, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) ) | ORDER PERMITTING PLAINTIFF TO AMEND COMPLAINT |
| ) AMERCO, INC., a Nevada corporation, ) U-HAUL INTERNATIONAL, ) INC., a Nevada corporation, and ) EMOVE, INC., a Nevada corporation, ) ) | |
| Defendants. ) ) | |

BASED UPON Plaintiffs' Motion to Amend Complaint, and for the reasons therein stated, it is ordered that said Plaintiffs be allowed to amend their complaint as attached and serve the amended complaint upon opposing parties in accordance with the Federal Rules of Civil Procedure.

This the 10th day of September, 2008

_____
Presiding Judge

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:08-cv-00403

| | |
|---|---|
| SMD SOFTWARE, INC., a North Carolina corporation, and SITELINK SOFTWARE, LLC, a North Carolina limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERCO, INC., a Nevada corporation, U-HAUL INTERNATIONAL, INC., a Nevada corporation, and EMOVE, INC., a Nevada corporation, <br><br> Defendants. | **AMENDED COMPLAINT** <br> **JURY TRIAL DEMANDED** |

COME NOW the Plaintiffs, by and through their undersigned attorney, and, for their Amended Complaint against the Defendants, allege as follows:

1. The Plaintiff, SMD Software, Inc., is a corporation organized and existing under the laws of the State of North Carolina, and has its principal place of business in Raleigh, North Carolina.

2. The Plaintiff, SiteLink Software, LLC, is a limited liability company organized and existing under the laws of the State of North Carolina, and has its principal place of business in Raleigh, North Carolina.

3. Defendant Amerco, Inc. is a corporation organized and existing under the laws of the State of Nevada, and has its principal place of business in Reno, Nevada.

4. Defendant Amerco, Inc. is the parent corporation of U-Haul International, Inc., and owns 100% of the stock of U-Haul International, Inc.

5. Defendant U-Haul International, Inc. is a corporation organized and existing under the laws of the State of Nevada, and has its principal place of business in Phoenix, Arizona. The Defendant does business in North Carolina.

6. Defendant EMove, Inc. is a corporation organized and existing under the laws of the State of Nevada, and has its principal place of business in Phoenix, Arizona. The Defendant does business in North Carolina.

7. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1332.

8. The Court has jurisdiction over the Defendants, and venue is properly fixed in this Court. *See* 28 U.S.C. § 1391(b), (c).

9. The Plaintiffs are in the business of developing and marketing management software for the self-storage industry.

10. The Plaintiff, SMD Software, Inc. produces and markets SiteLink for stand-alone computers using the Microsoft Windows operating system.

11. The Plaintiff, SiteLink Software, LLC, produces and markets SiteLink Web Edition.

12. The Plaintiff, SMD Software, Inc. has sold SiteLink since 1999

13. The Plaintiff, SiteLink, Software, LLC has sold SiteLink Web Edition since 2006. SiteLink Web Edition is now installed at more than 1,000 self-storage locations in North America.

14. The Defendants are in the self-storage business.

15. The Defendants are competitors of the Plaintiffs, in that the Defendants have an affiliate program called EMove, a management software system which they offer to independent owners of self-storage units.

16. The Defendants' business strategy includes a plan to establish and to maintain a large network of truck and trailer rental dealers tied to the self-storage industry, by bundling products and services, including management software, for the self-storage industry.

17. The Defendants have advertised and promoted their EMove program by distributing printed materials, including a brochure entitled "Affordable Web-Based Facility Management Software, webselfstorage The Management Software That Fills Your Rooms."

18. The abovesaid brochure includes a table which compares the Defendants' self-storage software to the Plaintiffs' SiteLink software.

19. The comparison set forth in the Defendants' promotional brochure contains numerous inaccuracies and misrepresentations, such as:

    a. erroneously inflating the price of the Plaintiffs' software;

    b. erroneously representing that technical support for the Plaintiffs' software is not included in the price of the software;

    c. erroneously representing that the Plaintiffs' software does not support real-time confirmed reservations;

    d. erroneously representing that the Plaintiffs' software does not include integrated credit-card processing;

    e. erroneously representing that the Plaintiffs' software does not include upgrades in the purchase price;

    f. erroneously representing that the Plaintiffs' software does not include integrated tenant insurance;

    g. erroneously representing that the Plaintiffs' software does not include fully integrated online-payment processing; and

h.  erroneously representing that the Plaintiffs' software does not include fully integrated call-center service; and

i.  other inaccuracies and misrepresentations to be proven at trial.

20. Based upon the foregoing inaccuracies and misrepresentations, the Defendants state in their promotional brochure that its self-storage management software "Blows Away The Competition."

21. The Defendants have furnished the abovesaid promotional materials to the Plaintiffs' customers and others in the market for self-storage management software, causing the Plaintiffs to lose business to the Defendants.

22. The abovesaid acts of the Defendants with respect to the Plaintiffs' self-storage management software were committed willfully, with knowledge that the Defendants' statements, advertising, and representations regarding the Plaintiffs' products were untrue.

## COUNT ONE
### (Defamation)

23. The allegations contained in paragraphs 1 through 22 are repeated and realleged as if fully set forth herein.

24. In their advertising and promotional materials, the Defendants published false statements regarding the characteristics and qualities of the Plaintiffs' self-storage management software.

25. The abovesaid false statements tended and tend to impeach the Plaintiffs in their business and trade, by falsely representing to the Plaintiffs' customers and others in the market for self-storage management software that the Plaintiffs' software is of inferior and substandard quality, and is inferior to the competing products sold by the Defendants.

26. The Plaintiffs have suffered harm as a direct and proximate result of the abovesaid false statements by the Defendants.

## COUNT TWO
### (Unfair or Deceptive Acts or Practices in or Affecting Commerce: N.C. Gen. Stat. § 75-1.1, et seq.)

27. The allegations contained in paragraphs 1 through 26 are repeated and realleged as if fully set forth herein.

28. In their advertising and promotional materials, the Defendants published false and disparaging statements regarding the characteristics and qualities of the Plaintiffs' self-storage management software.

29. The abovesaid false and disparaging statements tended and tend to impeach the Plaintiffs in their business activities, by falsely representing to the Plaintiffs' customers and others in the market for self-storage management software that the Plaintiffs' software is of inferior and substandard quality, and is inferior to the competing products sold by the Defendants.

30. The Defendants' false and disparaging statements regarding the Plaintiffs' software constitute an unfair or deceptive act or practice in or affecting commerce.

31. The Plaintiffs have suffered harm as a direct and proximate result of the abovesaid acts of the Defendants.

## COUNT THREE
### (Tortious Product Disparagement)

32. The allegations contained in paragraphs 1 through 31 are repeated and realleged as if fully set forth herein.

33. In its advertising and promotional materials, the Defendants published false and disparaging statements casting doubt upon the quality of the Plaintiffs' self-storage management software.

34. Through their dissemination of advertising and promotional materials, the Defendants intended to cast doubt upon the quality of the Plaintiffs' self-storage management software, or the Defendants' advertising and promotional materials could reasonably be understood by the recipients to cast such doubt.

35. The Plaintiffs have suffered harm as a direct and proximate result of the abovesaid acts of the Defendants.

## COUNT FOUR
### (False Advertising: Lanham Act, 15 U.S.C. § 1125)

36. The allegations contained in paragraphs 1 through 35 are repeated and realleged as if fully set forth herein.

37. In connection with the promotion, advertising, and sale of their self-storage software products in interstate commerce, the Defendants made false and misleading representations of fact as to the nature, characteristics, and qualities of the Plaintiff's competing software products.

38. The abovesaid representations by the Defendants deceived, or had a tendency to deceive, a substantial segment of the persons receiving the Defendants' advertising materials, including the Plaintiff's customers and others in the market for self-storage management software.

39. The abovesaid representations by the Defendants are and were likely to influence the purchasing decisions of the persons receiving the Defendants' advertising materials.

40. The Plaintiff has suffered, and is likely to continue to suffer, harm as a direct and proximate result of the Defendants' false and misleading statements regarding the Plaintiff's software products.

## COUNT FIVE
### (Preliminary and Permanent Injunctions)

41. The allegations contained in paragraphs 1 through 40 are repeated and realleged as if fully set forth herein.

42. The acts of the Defendants in falsely advertising the nature, qualities, and characteristics of the Plaintiffs' self-storage management software products, and in making other false and disparaging statements in reference thereto, have caused and are causing harm to the Plaintiffs for which no adequate remedy at law exists.

43. The Plaintiffs are entitled to a permanent injunction ordering the Defendants to cease and desist from all such conduct.

44. The Defendants' continued wrongful acts with respect to the Plaintiffs' products during the course of this litigation will produce injury to the Plaintiffs.

45. Given the wrongful nature of the Defendants' acts and the strong evidence to establish such acts, the Plaintiffs are likely to succeed on the merits of this action.

46. The Plaintiffs are likely to sustain irreparable loss unless a preliminary injunction is issued, and such an injunction is necessary to protect the Plaintiff's rights during the course of this litigation.

WHEREFORE, the Plaintiffs demand judgment against the Defendants as follows:

a. for damages in the amount of the profits wrongfully obtained by the Defendants as a result of its false and misleading advertising regarding the Plaintiffs' software products;

b. for damages sustained by the Plaintiffs in the amount in excess of ten thousand dollars, including the Plaintiffs' lost profits, as a result of the Defendants' false and misleading advertising regarding the Plaintiffs' software products;

c. for the Plaintiffs' actual damages, trebled as required by law, as a result of the Defendants' unfair or deceptive acts in or affecting commerce regarding the Plaintiffs' self-storage management software;

d. for a preliminary injunction ordering the Defendants to cease and desist from the conduct detailed herein until the Court renders final judgment in this matter;

e. for a permanent injunction ordering the Defendants to cease and desist from the conduct detailed herein; and

f. for reasonable attorney's fees and the costs of this action;

as well as such other and further relief as to the Court is reasonable, just, and proper.

This the 10th day of September, 2008.

s/ Luther D. Starling, Jr.
Luther D. Starling, Jr.
NCSB # 17603
Attorney for Plaintiff
Daughtry, Woodard, Lawrence & Starling
Post Office Drawer 1960
Smithfield, North Carolina 27577
Telephone: (919) 934-5012