# UNITED STATES DISTRICT COURT
for the

Eastern District of North Carolina

| | |
|---|---|
| SMD SOFTWARE, INC., a North Carolina Corporation, and SITELINK SOFTWARE, LLC, a North Carolina Limited Liability Company <br> Plaintiff <br> v. <br> EMOVE, INC., A Nevad <br> Defendant | ) ) ) ) ) ) Civil Action No.   5:08-cv-00403 |

## Summons in a Civil Action

To: *(Defendant's name and address)*
```
EMOVE, INC.
a Nevada Corporation
c/o The Corporation Trust Company of Nevada
6100 Neil Road, Suite 500
Reno, NV  89511
```

A lawsuit has been filed against you.

Within  10  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:
Luther D. Starling, Jr.
P. O. Drawer 1960
Smithfield, North Carolina 27577


If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


_____
Name of clerk of court

Date: _____

_____
Deputy clerk's signature


*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

AO 440 (Rev. 04/08) Civil Summons (Page 2)

## Proof of Service

I declare under penalty of perjury that I served the summons and complaint in this case on _____, by:

(1) personally delivering a copy of each to the individual at this place, _____; or

(2) leaving a copy of each at the individual's dwelling or usual place of abode with _____ who resides there and is of suitable age and discretion; or

(3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is _____; or

(4) returning the summons unexecuted to the court clerk on _____; or

(5) other *(specify)* _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ \_\_\_\_0.00\_\_\_\_.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:08-cv-00403

| | |
|---|---|
| SMD SOFTWARE, INC., a North Carolina corporation, and SITELINK SOFTWARE, LLC, a North Carolina limited liability company, | |
| Plaintiffs, | SECOND AMENDED COMPLAINT |
| vs. | JURY TRIAL DEMANDED |
| EMOVE, INC., a Nevada corporation, | |
| Defendants. | |

COME NOW the Plaintiffs, by and through their undersigned attorney, and, for their Second Amended Complaint against the Defendants, allege as follows:

1. The Plaintiff, SMD Software, Inc., is a corporation organized and existing under the laws of the State of North Carolina, and has its principal place of business in Raleigh, North Carolina.

2. The Plaintiff, SiteLink Software, LLC, is a limited liability company organized and existing under the laws of the State of North Carolina, and has its principal place of business in Raleigh, North Carolina.

3. Defendant EMove, Inc. is a corporation organized and existing under the laws of the State of Nevada, and has its principal place of business in Phoenix, Arizona. The Defendant does business in North Carolina.

4. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1332.

5. The Court has jurisdiction over the Defendants, and venue is properly fixed in this Court. *See* 28 U.S.C. § 1391(b), (c).

6. The Plaintiffs are in the business of developing and marketing management software for the self-storage industry.

7. The Plaintiff, SMD Software, Inc. produces and markets SiteLink for stand-alone computers using the Microsoft Windows operating system.

8. The Plaintiff, SiteLink Software, LLC, produces and markets SiteLink Web Edition.

9. The Plaintiff, SMD Software, Inc. has sold SiteLink since 1999

10. The Plaintiff, SiteLink, Software, LLC has sold SiteLink Web Edition since 2006. SiteLink Web Edition is now installed at more than 1,000 self-storage locations in North America.

11. The Defendant is in the self-storage business.

12. The Defendant is a competitor of the Plaintiffs, in that the Defendant has an affiliate program called EMove, a management software system which they offer to independent owners of self-storage units.

13. The Defendant's business strategy includes a plan to establish and to maintain a large network of truck and trailer rental dealers tied to the self-storage industry, by bundling products and services, including management software, for the self-storage industry.

14. The Defendant has advertised and promoted its EMove program by distributing printed materials, including a brochure entitled "Affordable Web-Based Facility Management Software, webselfstorage The Management Software That Fills Your Rooms."

15. The abovesaid brochure includes a table which compares the Defendant's self-storage software to the Plaintiffs' SiteLink software.

16. The comparison set forth in the Defendant's promotional brochure contains numerous inaccuracies and misrepresentations, such as:

    a. erroneously inflating the price of the Plaintiffs' software;

    b. erroneously representing that technical support for the Plaintiffs' software is not included in the price of the software;

    c. erroneously representing that the Plaintiffs' software does not support real-time confirmed reservations;

    d. erroneously representing that the Plaintiffs' software does not include integrated credit-card processing;

    e. erroneously representing that the Plaintiffs' software does not include upgrades in the purchase price;

    f. erroneously representing that the Plaintiffs' software does not include integrated tenant insurance;

    g. erroneously representing that the Plaintiffs' software does not include fully integrated online-payment processing; and

    h. erroneously representing that the Plaintiffs' software does not include fully integrated call-center service; and

    i. other inaccuracies and misrepresentations to be proven at trial.

17. Based upon the foregoing inaccuracies and misrepresentations, the Defendant states in its promotional brochure that its self-storage management software "Blows Away The Competition."

18. The Defendant has furnished the abovesaid promotional materials to the Plaintiffs' customers and others in the market for self-storage management software, causing the Plaintiffs to lose business to the Defendant.

19. The abovesaid acts of the Defendant with respect to the Plaintiffs' self-storage management software were committed willfully, with knowledge that the Defendant's statements, advertising, and representations regarding the Plaintiffs' products were untrue.

## COUNT ONE
### (Defamation)

20. The allegations contained in paragraphs 1 through 19 are repeated and realleged as if fully set forth herein.

21. In their advertising and promotional materials, the Defendant published false statements regarding the characteristics and qualities of the Plaintiffs' self-storage management software.

22. The abovesaid false statements tended and tend to impeach the Plaintiffs in their business and trade, by falsely representing to the Plaintiffs' customers and others in the market for self-storage management software that the Plaintiffs' software is of inferior and substandard quality, and is inferior to the competing products sold by the Defendant.

23. The Plaintiffs have suffered harm as a direct and proximate result of the abovesaid false statements by the Defendant.

## COUNT TWO
### (Unfair or Deceptive Acts or Practices in or Affecting Commerce: N.C. Gen. Stat. § 75-1.1, et seq.)

24. The allegations contained in paragraphs 1 through 23 are repeated and realleged as if fully set forth herein.

25. In its advertising and promotional materials, the Defendant published false and disparaging statements regarding the characteristics and qualities of the Plaintiffs' self-storage management software.

26. The abovesaid false and disparaging statements tended and tend to impeach the Plaintiffs in their business activities, by falsely representing to the Plaintiffs' customers and others in the market for self-storage management software that the Plaintiffs' software is of inferior and substandard quality, and is inferior to the competing products sold by the Defendant.

27. The Defendant's false and disparaging statements regarding the Plaintiffs' software constitute an unfair or deceptive act or practice in or affecting commerce.

28. The Plaintiffs have suffered harm as a direct and proximate result of the abovesaid acts of the Defendants.

## COUNT THREE
### (Tortious Product Disparagement)

29. The allegations contained in paragraphs 1 through 28 are repeated and realleged as if fully set forth herein.

30. In its advertising and promotional materials, the Defendant published false and disparaging statements casting doubt upon the quality of the Plaintiffs' self-storage management software.

31. Through its dissemination of advertising and promotional materials, the Defendant intended to cast doubt upon the quality of the Plaintiffs' self-storage management software, or the Defendant's advertising and promotional materials could reasonably be understood by the recipients to cast such doubt.

32. The Plaintiffs have suffered harm as a direct and proximate result of the abovesaid acts of the Defendant.

## COUNT FOUR
### (False Advertising: Lanham Act, 15 U.S.C. § 1125)

33. The allegations contained in paragraphs 1 through 32 are repeated and realleged as if fully set forth herein.

34. In connection with the promotion, advertising, and sale of their self-storage software products in interstate commerce, the Defendant made false and misleading representations of fact as to the nature, characteristics, and qualities of the Plaintiff's competing software products.

35. The abovesaid representations by the Defendant deceived, or had a tendency to deceive, a substantial segment of the persons receiving the Defendant's advertising materials, including the Plaintiff's customers and others in the market for self-storage management software.

36. The abovesaid representations by the Defendant are and were likely to influence the purchasing decisions of the persons receiving the Defendant's advertising materials.

37. The Plaintiff has suffered, and is likely to continue to suffer, harm as a direct and proximate result of the Defendant's false and misleading statements regarding the Plaintiff's software products.

## COUNT FIVE
### (Preliminary and Permanent Injunctions)

38. The allegations contained in paragraphs 1 through 37 are repeated and realleged as if fully set forth herein.

39. The acts of the Defendant in falsely advertising the nature, qualities, and characteristics of the Plaintiffs' self-storage management software products, and in making other false and disparaging statements in reference thereto, have caused and are causing harm to the Plaintiffs for which no adequate remedy at law exists.

40. The Plaintiffs are entitled to a permanent injunction ordering the Defendant to cease and desist from all such conduct.

41. The Defendant's continued wrongful acts with respect to the Plaintiffs' products during the course of this litigation will produce injury to the Plaintiffs.

42. Given the wrongful nature of the Defendant's acts and the strong evidence to establish such acts, the Plaintiffs are likely to succeed on the merits of this action.

43. The Plaintiffs are likely to sustain irreparable loss unless a preliminary injunction is issued, and such an injunction is necessary to protect the Plaintiff's rights during the course of this litigation.

WHEREFORE, the Plaintiffs demand judgment against the Defendants as follows:

a. for damages in the amount of the profits wrongfully obtained by the Defendants as a result of its false and misleading advertising regarding the Plaintiffs' software products;

b. for damages sustained by the Plaintiffs in the amount in excess of ten thousand dollars, including the Plaintiffs' lost profits, as a result of the Defendants' false and misleading advertising regarding the Plaintiffs' software products;

c. for the Plaintiffs' actual damages, trebled as required by law, as a result of the Defendants' unfair or deceptive acts in or affecting commerce regarding the Plaintiffs' self-storage management software;

d. for a preliminary injunction ordering the Defendants to cease and desist from the conduct detailed herein until the Court renders final judgment in this matter;

e. for a permanent injunction ordering the Defendants to cease and desist from the conduct detailed herein; and

f. for reasonable attorney's fees and the costs of this action;

as well as such other and further relief as to the Court is reasonable, just, and proper.

This the 6th day of October, 2008.

                                            /s/ Luther D. Starling, Jr.
                                            LUTHER D. STARLING, JR.
                                            NCSB # 17603
                                            Attorney for Plaintiff
                                            Daughtry, Woodard, Lawrence & Starling
                                            Post Office Drawer 1960
                                            Smithfield, North Carolina 27577
                                            Telephone: (919) 934-5012

## Certificate of Service

The undersigned attorney hereby certifies that he has served the foregoing document upon the attorneys shown below by depositing a copy of the same in the United States Mail, First Class, postage prepaid, addressed to the said attorney:

Served on:

YOUNG MOORE AND HENDERSON, PA
Christopher A. Page
PO BOX 31627
Raleigh, NC 27622
*Counsel for Defendants*

This, the 7th day of October, 2008.

                                       DAUGHTRY WOODARD LAWRENCE & STARLING
                                       BY: /s/ Luther D. Starling Jr.
                                              LUTHER D. STARLING, JR.
                                              Post Office Drawer 1960
                                              Smithfield, NC 27577
                                              *Attorneys for Plaintiff*