UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:08-cv-00403

| | |
|---|---|
| SMD SOFTWARE, INC., a North Carolina corporation, and SITELINK SOFTWARE, LLC, a North Carolina limited liability company, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )       SECOND AMENDED |
| | )       COMPLAINT |
| vs. | )       (JURY TRIAL DEMANDED) |
| | )<br>) |
| EMOVE, INC., a Nevada corporation, U-HAUL, INTERNATIONAL, INC., a Nevada corporation; WEB TEAM ASSOCIATES, a Nevada corporation; and A&M and Associates, an Arizona corporation, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

COME NOW the Plaintiffs, by and through their undersigned attorney, and, for their Second Amended Complaint against the Defendants, allege as follows:

1. The Plaintiff, SMD Software, Inc., is a corporation organized and existing under the laws of the State of North Carolina, and has its principal place of business in Raleigh, North Carolina.

2. The Plaintiff, SiteLink Software, LLC, is a limited liability company organized and existing under the laws of the State of North Carolina, and has its principal place of business in Raleigh, North Carolina.

3. Defendant EMove, Inc. is a corporation organized and existing under the laws of the State of Nevada, and has its principal place of business in Phoenix, Arizona. Defendant EMove, Inc. ("EMove") does business in North Carolina.

4. Defendant U-Haul International, Inc. is a corporation organized and existing under the laws of the State of Nevada, and has its principal place of business in Phoenix, Arizona. Defendant U-Haul International, Inc. ("U-Haul") does business in North Carolina.

5. Defendant Web Team Associates, Inc. is a corporation organized and existing under the laws of the State of Nevada, and has its principal place of business in Phoenix, Arizona. Defendant Web Team Associates, Inc. ("Web Team") does business in North Carolina.

6. Defendant A&M Associates is a corporation organized and existing under the laws of the State of Arizona, and has its principal place of business in Phoenix, Arizona. Defendant A&M Associates ("A&M") does business in North Carolina.

7. Upon information and belief, Defendants A&M, EMove and Web Team are wholly-owned subsidiaries of Defendant U-Haul.

8. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1332.

9. The Court has jurisdiction over Defendants, and venue is properly fixed in this Court. *See* 28 U.S.C. § 1391(b), (c).

10. Plaintiffs are in the business of developing and marketing management software for the self-storage industry.

11. Plaintiff SMD Software, Inc. produces and markets SiteLink for stand-alone computers using the Microsoft Windows operating system.

12. Plaintiff SiteLink Software, LLC, produces and markets SiteLink Web Edition.

13. Plaintiff, SMD Software, Inc. has sold SiteLink since 1999.

14. Plaintiff SiteLink Software, LLC has sold SiteLink Web Edition since 2006. SiteLink Web Edition is now installed at more than 1,000 self-storage locations in North America.

15. Defendant U-Haul is in the self-storage business and is the owner of software, webselfstorage, that competes with SiteLink and Sitelink Web Edition.

16. Defendant Web Team designed webselfstorage, provides technical support for webselfstorage and provided input to Defendant EMove in the marketing of webselfstorage.

17. Defendant EMove promotes, markets and sells webselfstorage.

18. Defendant A&M produced the advertising materials used by Defendants EMove and U-Haul in promoting and marketing webselfstorage.

19. Defendants collaborated and worked jointly on the design, promotion, advertisement and sale of webselfstorage.

20. Defendants' business strategy includes a plan to establish and to maintain a large network of truck and trailer rental dealers tied to the self-storage industry, by bundling products and services, including management software, for the self-storage industry.

21. Defendants have advertised and promoted webselfstorage by distributing printed materials, including, at least, three brochures containing a table which compares Defendant's self-storage software to Plaintiffs' SiteLink software.

22. Working collaboratively and jointly, each of the defendants had a role in the creation, production or publication of the advertising materials and each of the defendants was responsible for the publication of the advertising materials with knowledge of the falsity of the representations and statements contained therein, or with reckless disregard for the truth of the representations made therein.

3

23. The comparisons set forth in Defendants' advertising and promotional brochures contain numerous inaccuracies and misrepresentations, such as:

   a. erroneously inflating the price of Plaintiffs' software;

   b. erroneously representing that technical support for Plaintiffs' software is not included in the price of the software;

   c. erroneously representing that Plaintiffs' software does not support real-time confirmed reservations;

   d. erroneously representing that Plaintiffs' software does not include integrated credit-card processing;

   e. erroneously representing that Plaintiffs' software does not include upgrades in the purchase price;

   f. erroneously representing that Plaintiffs' software does not include integrated tenant insurance;

   g. erroneously representing that Plaintiffs' software does not include fully integrated online-payment processing; and

   h. erroneously representing that Plaintiffs' software does not include fully integrated call-center service; and

   i. other inaccuracies and misrepresentations to be proven at trial.

24. Based upon the foregoing inaccuracies and misrepresentations, Defendants state in, at least one of their promotional brochures that their self-storage management software "Blows Away The Competition."

25. Defendants have furnished the abovesaid advertising and promotional materials to Plaintiffs' customers and others in the market for self-storage management software, causing Plaintiffs to lose business to Defendants.

## COUNT ONE
### (Defamation)

26. The allegations contained in paragraphs 1 through 25 are repeated and realleged as if fully set forth herein.

27. In their advertising and promotional materials, Defendants published false statements regarding the characteristics and qualities of Plaintiffs' self-storage management software.

28. The abovesaid false statements tended and tend to impeach Plaintiffs in their business and trade, by falsely representing to Plaintiffs' customers and others in the market for self-storage management software that Plaintiffs' software is of inferior and substandard quality, and is inferior to the competing products sold by Defendant EMove.

29. Plaintiffs have suffered harm as a direct and proximate result of the abovesaid false statements by Defendants.

## COUNT TWO
### (Unfair or Deceptive Acts or Practices in or Affecting Commerce: N.C. Gen. Stat. § 75-1.1, et seq.)

30. The allegations contained in paragraphs 1 through 29 are repeated and realleged as if fully set forth herein.

31. In their advertising and promotional materials, Defendants published false and disparaging statements regarding the characteristics and qualities of Plaintiffs' self-storage management software.

32. The abovesaid false and disparaging statements tended and tend to impeach Plaintiffs in their business activities, by falsely representing to Plaintiffs' customers and others in the market for self-storage management software that Plaintiffs' software is of inferior and substandard quality, and is inferior to the competing products sold by Defendant EMove.

33. Defendants' false and disparaging statements regarding Plaintiffs' software constitute an unfair or deceptive act or practice in or affecting commerce.

34. Plaintiffs have suffered harm as a direct and proximate result of the abovesaid acts of Defendants.

## COUNT THREE
### (Tortious Product Disparagement)

35. The allegations contained in paragraphs 1 through 34 are repeated and realleged as if fully set forth herein.

36. In their advertising and promotional materials, Defendants published false and disparaging statements casting doubt upon the quality of Plaintiffs' self-storage management software.

37. Through their dissemination of advertising and promotional materials, Defendants intended to cast doubt upon the quality of Plaintiffs' self-storage management software, or Defendant's advertising and promotional materials could reasonably be understood by the recipients to cast such doubt.

38. Plaintiffs have suffered harm as a direct and proximate result of the abovesaid acts of Defendants.

## COUNT FOUR
### (False Advertising: Lanham Act, 15 U.S.C. § 1125)

39. The allegations contained in paragraphs 1 through 38 are repeated and realleged as if fully set forth herein.

40. In connection with the promotion, advertising and sale of their self-storage software products in interstate commerce, Defendants made false and misleading representations of fact as to the nature, characteristics, and qualities of Plaintiff's' competing software products.

41. The abovesaid representations by Defendants deceived, or had a tendency to deceive, a substantial segment of the persons receiving Defendants' advertising and promotional materials, including Plaintiff's' customers and others in the market for self-storage management software.

42. The abovesaid representations by Defendants are and were likely to influence the purchasing decisions of the persons receiving Defendants' advertising and promotional materials.

43. Plaintiffs have suffered, and are likely to continue to suffer, harm as a direct and proximate result of Defendants' false and misleading statements regarding Plaintiffs' software products.

## COUNT FIVE
### (Preliminary and Permanent Injunctions)

44. The allegations contained in paragraphs 1 through 43 are repeated and realleged as if fully set forth herein.

45. The acts of Defendants in falsely advertising the nature, qualities and characteristics of Plaintiffs' self-storage management software products, and in making other false and disparaging statements in reference thereto, have caused and are causing harm to Plaintiffs for which no adequate remedy at law exists.

46. Plaintiffs are entitled to a permanent injunction ordering Defendants to cease and desist from all such conduct.

47. Defendants' continued wrongful acts with respect to Plaintiffs' products during the course of this litigation will produce injury to Plaintiffs.

48. Given the wrongful nature of Defendants' acts and the strong evidence to establish such acts, Plaintiffs are likely to succeed on the merits of this action.

49. Plaintiffs are likely to sustain irreparable loss unless a preliminary injunction is issued, and such an injunction is necessary to protect the Plaintiffs' rights during the course of this litigation.

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

a. for damages in the amount of the profits wrongfully obtained by Defendants as a result of its false and misleading advertising regarding Plaintiffs' software products;

b. for damages sustained by Plaintiffs in the amount in excess of ten thousand dollars, including Plaintiffs' lost profits, as a result of Defendants' false and misleading advertising regarding Plaintiffs' software products;

c. for Plaintiffs' actual damages, trebled as required by law, as a result of Defendants' unfair or deceptive acts in or affecting commerce regarding Plaintiffs' self-storage management software;

d. for a preliminary injunction ordering Defendants to cease and desist from the conduct detailed herein until the Court renders final judgment in this matter;

e. for a permanent injunction ordering Defendants to cease and desist from the conduct detailed herein; and

f. for reasonable attorney's fees and the costs of this action;

as well as such other and further relief as to the Court is reasonable, just, and proper.

This the 26th day of May, 2010.

/s/ Luther D. Starling, Jr.
LUTHER D. STARLING, JR.
NCSB # 17603
Attorney for Plaintiff
Daughtry, Woodard, Lawrence & Starling
Post Office Drawer 1960
Smithfield, North Carolina 27577
Telephone: (919) 934-5012

## Certificate of Service

The undersigned attorney hereby certifies that he has served the foregoing document upon the attorney shown below via the ECF Filing System:

Served on:

YOUNG MOORE AND HENDERSON, PA
Christopher A. Page
PO BOX 31627
Raleigh, NC 27622
*Counsel for Defendants*

This the 26th day of May, 2010.

                DAUGHTRY WOODARD LAWRENCE & STARLING
                BY: /s/ Luther D. Starling Jr.
                    LUTHER D. STARLING, JR.
                    Post Office Drawer 1960
                    Smithfield, NC 27577
                    *Attorneys for Plaintiff*