UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:08-cv-00403-FL

| | |
|---|---|
| SMD SOFTWARE, INC., a North Carolina corporation, and SITELINK SOFTWARE, LLC, a North Carolina limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>EMOVE, INC., a Nevada corporation, U-Haul International, Inc., a Nevada corporation, Web Team Associates, Inc., a Nevada corporation, and A&M Associates, Inc., an Arizona corporation<br><br>Defendants. | **STIPULATION AND PROTECTIVE ORDER** |

This Stipulation and Protective Order ("Protective Order") shall govern the use and treatment of information, documents, testimony or other tangible things produced in this action by the Plaintiffs, SMD Software, Inc. and SiteLink Software, LLC, and Defendants EMove, Inc., U-Haul International, Inc., Web Team Associates, Inc. and A&M Associates, Inc. (hereinafter "Defendants") (collectively, the "Parties").

1. Plaintiffs are in the business of developing and marketing management software for the self-storage industry and Defendant EMove, Inc. is a competitor of Plaintiffs as the developer of a management software system, webselfstorage, marketed to independent owners of self-storage units. Plaintiffs allege that each Defendant played a role in the production, dissemination and publication of brochures marketing webselfstorage containing misrepresentations about Plaintiffs' products and, further, that Plaintiffs have lost business as a result of Defendants' misrepresentations. Defendants deny any wrongdoing. The Parties anticipate that information the Parties consider confidential will be relevant to this action and, therefore, discoverable. Wholesale disclosure of the Parties' confidential information will work a clearly defined and very serious injury – to wit, their competitors would have unfettered access to information including, but not limited to, customer lists and pricing information, which their competitors could use to their benefit and the Parties' detriment. Accordingly, the Parties believe, in good faith, that there exists good cause for the issuance of a protective order.

2. "Confidential Information," as used herein, means any information, in whatever form, produced in connection with formal or informal discovery in this litigation that the Parties

1

in good faith believe contains, reflects or concerns its trade secrets, confidential business or commercial information or other sensitive or proprietary information which, if disclosed to third parties, would likely cause the party injury, prejudice, harm, damage or disadvantage. Confidential Information includes, but is not limited to, proprietary business information, business plans, pricing, information relating to personnel matters, and financial and other sensitive information that is not publicly available, Confidential Information may not be used or disseminated except as provided in this Protective Order. Confidential Information includes all documents or information derived from Confidential Information, including excerpts, copies or summaries of Confidential Information.

3. The Parties may designate any information, document, testimony or other tangible thing that they furnish in connection with this litigation as Confidential Information, and therefore, subject to the provisions of this Protective Order, in any reasonable manner. Documents may be designated Confidential Information by affixing the legend "Confidential" to each item or document page. Deposition testimony and/or exhibits may be designated Confidential Information either by: (a) stating on the record of the deposition that such deposition, or portion thereof; or exhibit is confidential; or (b) stating in writing served upon counsel of record up to twenty (20) days after receipt of the deposition transcript that such deposition, or portion thereof, or exhibit is confidential.

4. Materials designated as Confidential may only be copied, disclosed, discussed, or inspected, in whole or in part, only for the purposes of this litigation and only by the following persons:

(a) the Parties in this lawsuit, or their employees involved in the management of this litigation;
(b) counsel of record who represent the Parties in this litigation, in-house counsel and the personnel who are directly employed or contracted by those attorneys' firms and who are assisting the attorneys working on this action;
(c) any person who is expected to testify as a witness either at a deposition or court proceeding in this action for the purpose of assisting in his/her preparation therefore, and any other person to whom the dissemination of the document is deemed necessary by any party in preparation for trial;
(d) independent expert witnesses or consultants, including trial or jury consultants, retained by the Parties in this lawsuit (i.e., not employed by or similarly affiliated with a party or an affiliated company of a party);
(e) the Court and its officers, including stenographic reporters engaged in such proceedings as are necessarily incidental to the preparation or trial of this lawsuit; and
(f) any mediator or arbitrator selected with the consent of all Parties or by the Court.

5. Confidential Information shall not be disclosed to any of the persons referred to in paragraph 3(c) and (d) until such persons have been provided with a copy of this Protective Order and have agreed in writing to be bound thereto by execution of the Confidentiality Agreement attached hereto as Exhibit A. All Parties shall retain any such agreements and make

them available to counsel for other Parties upon request, provided that the identities of consultants, including trial or jury consultants, who have not been identified as testifying experts need not be disclosed.

6. A party may elect that certain Confidential Information not be divulged to the persons referred to in paragraphs 3(a) or 3(c) above if it in good faith believes that its disclosure could cause commercial harm or be put to any improper use or could otherwise cause irreparable harm. Such information shall be clearly marked "Highly Confidential-Attorneys & Experts Only," and shall be treated as Confidential Information, except that such information may only be disclosed to those persons referred to in paragraphs 3(b), 3(d), 3(e) and 3(f) herein in accordance with the terms and conditions of this Protective Order. If a party objects to materials designated "Highly Confidential-Attorneys & Experts Only," that party may follow the procedure set forth in paragraph 9 herein to remove such designation.

7. A party that intends to file with the Court pleadings or other papers containing or referring to Confidential Information shall take all reasonable steps to have such matter filed under seal. Each time a party seeks to file under seal Confidential Information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying: (a) the exact documents, things and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the Court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. In addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court. When a party seeks to file Confidential Information, including confidential portions of any transcript, a party shall submit such materials to the Court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: "Filed Under Seal Pursuant to Protective Order."

The Parties understand that, before ruling on any motion to seal, the Court will give the public notice of the motion and a reasonable opportunity to challenge it. While the Court has deemed individual notice unwarranted, the Parties understand the Court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the Court will notify persons present in courtroom proceedings of the motion. The Parties further understand that the Court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things and/or information at issue.

8. Subject to rules of evidence, Confidential Information may be offered in evidence at trial or any court hearing.

9. The terms of this Protective Order are subject to modification, extension or limitation as may be hereinafter agreed to by the Parties in writing or as ordered by the Court. Any modifications, extensions or limitations agreed to in writing by the Parties shall be deemed effective pending approval by the Court.

10. With respect to any Confidential Information covered by this Protective Order, the Parties may at any time serve upon counsel for the other side a written notice of objection to the materials designated as "Confidential" or "Highly Confidential-Attorneys & Experts Only." The party shall, within seven (7) business days of receipt of such notice, review the designated material sought to be reclassified, and notify counsel for the opposing party in writing whether or not it will agree to the reclassification requested and, if not, whether it will agree to reclassify a redacted copy. If no agreement can be reached, the requesting party may apply to the Court for an order that the information or documents so designated are not entitled to such status and protection. The designating party shall be given notice of the application and an opportunity to respond. In the event of such application, to maintain the status of the information or documents as Confidential-Information under this Protective Order, the proponent of confidentiality must show there is good cause for the information or documents to have such designated protection.

11. Confidential Information shall be used solely and exclusively for the purpose of this specific litigation and for no other purpose, including, without limitation, any business, competitive or educational purpose.

12. In the event that Confidential Information is inadvertently produced without designating such documents or information "Confidential" or "Highly Confidential-Attorneys & Experts Only" within the time periods established in this Protective Order, a party shall, upon discovery, promptly designate such documents or information as "Confidential" or "Highly Confidential-Attorneys & Experts Only," and the opposing party shall be bound by such designations pursuant to the terms of this Protective Order absent application to the Court for declassification of such documents or information and a ruling declassifying same, but shall not be deemed to be in breach of this Protective Order by reason of any use or disclosure of such Confidential Information that occurred prior to notification of the correct designation. Inadvertent production of such documents or information in this case without designation as "Confidential" or "Highly Confidential–Attorneys & Experts Only" shall not be deemed a waiver, in whole or in part, of a party's claim to confidentiality of such documents or information.

13. Upon termination of this action, unless otherwise ordered by the Court, each party shall within thirty (30) days return to the opposing party all materials marked "Confidential" and "Highly Confidential-Attorneys & Experts Only" (and any copies thereof). If requested, counsel for a party shall furnish a certificate of compliance that all confidential materials produced to the party, as well as all summaries, excerpts or copies of such materials, have been returned to the opposing party.

14. If a party to this Protective Order or any other signatory to a Confidentiality Agreement (Exhibit A) receives a court order or subpoena for Confidential Information, the party or individual receiving the subpoena or court order shall promptly notify the designating party and

4

furnish it with a copy of said subpoena or other process order. At least ten (10) days after notifying the designating party of such subpoena, the subpoenaed party and his/her/its agents shall be entitled to comply with the subpoena, unless the designating party has filed for or succeeded in obtaining an order modifying or quashing the subpoena. If the return or response date for any such subpoena or the compliance date for any such order is less than ten (10) days after service thereof, the subpoenaed party shall: (1) request an extension of the return or compliance date; and (2) advise the designating party immediately of such return or compliance date.

15. The restrictions set forth in this Protective Order shall not apply to information or material that: (1) was, is, or becomes public knowledge, not in violation of this Protective Order; (2) is acquired by a party from a third-party who is not known to be in violation of confidentiality obligations owed to any party; (3) was lawfully possessed by a party or witness prior to the entry by the Court of this Protective Order; or (4) was independently developed by a party without violation of this Protective Order.

16. The Parties stipulate that this Court shall retain jurisdiction over them and any person to whom Confidential Information is disclosed to the extent necessary to enforce the terms of this Protective Order.

17. This Protective Order will be governed and construed in accordance with the laws of the State of North Carolina.

18. This Protective Order contains the entire agreement between the Parties concerning the subject matter hereof, and no modifications of this Protective Order or waiver of its provisions will be binding upon the Parties, unless made in writing by the Parties.

This 29th day of June, 2010.

_____
United States District Judge Louise W. Flanagan

WE CONSENT

  s/ Luther D. Starling, Jr.

Attorney for Plaintiffs

DATED:     06/22/10


  s/ Christopher A. Page

Attorneys for Defendants

DATED:     06/22/10

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:08-cv-00403-FL

| | |
|---|---|
| SMD SOFTWARE, INC., a North Carolina corporation, and SITELINK SOFTWARE, LLC, a North Carolina limited liability company,<br><br>             Plaintiffs,<br><br>v.<br><br>EMOVE, INC., a Nevada corporation, U-Haul International, Inc., a Nevada corporation, Web Team Associates, Inc., a Nevada corporation and A&M Associates, Inc., an Arizona corporation<br><br>             Defendants. | **CONFIDENTIALITY AGREEMENT** |

I have read the Stipulation and Protective Order ("Protective Order") concerning the confidentiality of information in the above-captioned litigation. I understand that the Protective Order is a Court Order designed to preserve the confidentiality of certain designated documents and information contained therein. I also understand that the Protective Order restricts the use, disclosure and retention of such designated documents and information contained therein, and it also requires the safeguarding and destruction of the designated documents and other materials containing confidential information.

I agree to comply with all provisions of the Protective Order. I also hereby submit myself to the jurisdiction of the Court for the purpose of enforcement of any provision of the Protective Order.

Dated:

_____
[Signature]
[Name]
[Address]

7