THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CV-403-FL

| | | |
|---|---|---|
| SMD SOFTWARE, INC., a North Carolina corporation; and SITELINK SOFTWARE, LLC, a North Carolina limited liability company, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| EMOVE, INC., a Nevada corporation; U-HAUL INTERNATIONAL, INC., a Nevada corporation; WEB TEAM ASSOCIATES, a Nevada corporation; and A&M ASSOCIATES, an Arizona corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the court on the parties' motions to seal (DE ## 117, 128, 148), their supplemental briefing regarding these motions to seal (DE ## 143, 151), defendants' motion to compel (DE # 144), and defendants' motion for leave to file a reply in support of their motion to compel (DE # 153). Each of these motions has been briefed, and the issues raised now are ripe for adjudication.

## STATEMENT OF THE CASE

Commenced on July 14, 2008, in state court, and removed to federal court on August 20, 2008, this dispute over advertisements for self-storage software has taken a long and tortuous path before this court. Defendant U-Haul International, Inc. ("U-Haul") was voluntarily dismissed by plaintiffs, only to be named in a second amended complaint filed May 26, 2010. To date, four

motions to compel have been filed, as well an appeal of the magistrate judge's order on the first of those four motions. The parties also have combined to submit at least twenty-eight (28) motions for extensions of time or to alter the case management deadlines. Finally, they have routinely sought leave to file replies to non-dispositive motions, and have requested that the court maintain a number of filings under seal.

On May 26, 2011, finding the case to be spiraling out of control, the court set all then-pending matters for hearing. The court further notified the parties that the hearing would serve as a status conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. At hearing, the court vacated its order on an earlier motion to seal, at docket entry 120, where the parties were routinely seeking to place material under seal inappropriately. The parties were directed to supplement their requests to seal to permit the court to weigh the balance between the parties need for confidentiality and the public's right of access to court documents. This request extended to defendant's motion to seal at docket entry 128, filed after the court's previous order.

On June 20, 2011, defendants filed the motion to compel now under consideration. At the same time, they filed a motion seeking to seal the motion to compel and the memorandum in support thereof. Plaintiffs timely responded in opposition to the motion to compel, complaining about a failure to confer by defendants prior to filing the motion and contending that the request seeks discovery that is duplicative of that already produced. On July 13, 2011, defendants moved for leave to file a reply. In their proposed reply, defendants inform the court that plaintiffs have provided supplementations that moot much of their motion to compel.

On June 20, 2011, plaintiff filed a supplemental memorandum of law in support of their previous motion to seal. Defendants filed their supplement on June 23, 2011.

2

## DISCUSSION

A. Motions to Seal

The court entered a stipulated protective order in this case on August 1, 2010, in which the procedure for filing materials under seal is set forth in some detail. Pursuant to the order:

> A party that intends to file with the Court pleadings or other papers containing or referring to Confidential Information shall take all reasonable steps to have such matter filed under seal. Each time a party seeks to file under seal Confidential Information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying: (a) the exact documents, things and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the Court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. In addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court. When a party seeks to file Confidential Information, including confidential portions of any transcript, a party shall submit such materials to the Court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: "Filed Under Seal Pursuant to Protective Order."
>
> The Parties understand that, before ruling on any motion to seal, the Court will give the public notice of the motion and a reasonable opportunity to challenge it. While the Court has deemed individual notice unwarranted, the Parties understand the Court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the Court will notify persons present in courtroom proceedings of the motion. The Parties further understand that the Court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things and/or information at issue.

Stipulation and Protective Order ¶ 7. These requirements are necessary to comply with relevant Fourth Circuit law. See Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178 (4th Cir.1988).

The court first turns to the parties' motions to seal portions of their response and reply to defendants' summary judgment motion.[1] Although those submissions are currently under seal in their entirety, pending decision by the court, the parties now ask the court only to keep under seal the following materials: (1) the Master Services Agreement (DE # 115-10); (2) page 373 of the affidavit of Samuel Celaya (DE # 115-11); (3) pages 115-16, 119-30, and 151-57 of the first day of Dr. Ross Lampe's deposition (DE # 127-1); (4) pages 128-33 of the second day of Dr. Ross Lampe's deposition (DE # 127-2); (5) pages 4 and 5 of plaintiffs' supplemental responses to defendants' second set of interrogatories (DE # 127-3); (6) pages 124-37 of Markus Hecker's deposition (DE # 127-5); (7) plaintiffs' profit and loss statements (DE # 127-10); and (8) page 9 of defendants' reply (DE # 127).

The public has a First Amendment right of access to these documents submitted in conjunction with a summary judgment motion. See Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 578 (citing Rushford v. New Yorker Magazine, 846 F.2d 249, 253 (4th Cir. 1988)). As such, the parties must offer a compelling reason to keep them under seal. Id. at 578-79. Here, the parties argue that the documents contain business information potentially harmful to their competitive standing, see Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978), and that the materials are not directly relevant to the issue of liability. Balancing the competing interests in access, the court finds good cause to grant the parties' supplemented motions to seal.

Despite the parties' requests to maintain specific *pages* of documents under seal, the CM/ECF system does not have that capability. Accordingly, to implement the court's ruling, the

---

[1] Plaintiffs' motion to seal, at docket entry 117, was granted by the court in order entered at docket entry 120, which order was later vacated. Defendants' motion to seal, at docket entry 128, has not yet been adjudicated.

Clerk is directed to maintain under seal all of the following documents: DE # 115-10; DE # 115-11; DE # 127; DE # 127-1; DE # 127-2; DE # 127-3; DE # 127-5; DE # 127-10. The rest of the documents relating to document entry 115 and docket enry 127 now are ordered unsealed. Within **twenty-one (21) days** of entry of this order, the parties shall file redacted versions of the partially sealed documents, substituting a blank page with "THIS PAGE SEALED PURSUANT TO COURT ORDER" at each of the pages ordered sealed. Where all of the Master Services Agreement at DE # 115-10 is to remain under seal, the parties need not provide redaction for this document.

Finally, the court notes that a third motion to seal also is ripe. Defendants seek leave to file their motion to compel, the memorandum in support thereof, and the exhibits thereto under seal. No justification has been given other than that the materials were marked "confidential" by the parties. Accordingly, good cause not having been shown, defendants' motion to seal at docket entry 148 is denied, and the clerk is directed to unseal docket entries 144 through 147.

B.  Motion to Compel

As this court has had occasion to note in previous orders addressing motions to compel, "[d]iscovery . . . is broad in scope and freely permitted." Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402 (4th Cir. 2003). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and, upon order of the court for good cause shown, "any matter relevant to the subject matter involved in the litigation." Fed. R. Civ. P. 26(b)(1). Information is relevant "if it is germane and has any bearing on the subject matter of the case." West Penn Power Co. v. NLRB, 394 F.3d 233, 242 (4th Cir. 2005). Such information need not be admissible, and need only be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). The court has broad discretion in determining

5

whether proposed discovery is relevant. See Watson v. Lowcountry Red Cross, 974 F.2d 482, 489 (4th Cir. 1992).

This latest motion to compel has, for the most part, resolved itself without the intervention of this court. Accordingly, in light of defendants' representation in their reply, the motion is denied as moot as to all but (1) defendant U-Haul's requests for production numbered 25 through 34; (2) defendant EMove, Inc.'s ("EMove") interrogatory numbered 11 and requests for production numbered 1 and 13 in its first set of discovery requests, and (3) defendant EMove's interrogatory numbered 16 and request for production numbered 12 in its second set of discovery requests.[2] Defendants argue that the disagreement between the parties as to these materials remains live.

The court begins with the last two categories of discovery, pertaining to EMove's first and second set of discovery requests. Defendants argue that plaintiffs should be required to supplement their previous responses regarding any communications with potential or former customers about EMove's products and/or the reasons given by plaintiffs' former customers for terminating their relationship with plaintiffs. Although plaintiffs' contend that the call notes already provided to defendants contain any and all such information – noting that Rule 26(e) requires a party to supplement only if the additional information has not otherwise been made known – defendant contends that the call notes reference emails regarding EMove's products.

These emails are arguably responsive to EMove's interrogatories and requests, and are not already in defendants' possession to the court's knowledge. There is also no dispute that the emails

---

[2] The court previously noted the parties' penchant for seeking leave to reply to non-dispositive motions, a disfavored practice under the local rules. Nevertheless, in the court's discretion, defendants' motion for leave to file a reply to plaintiffs' response to the motion to compel is ALLOWED. The parties are on notice going forward that the court is not inclined to permit excessive briefing on future motions.

would be relevant to this case. While there is not enough information before the court to grant all of defendants' motion, particularly where plaintiffs state that there are no other responsive documents and indicate that they stand behind their original responses, the court finds good cause to compel production of the emails specifically identified by defendants.

The court next turns to U-Haul's requests for production numbered 25 through 34, which seek generally source documents for the financial statements provided by plaintiffs. There appears to be no disagreement between the parties that the discovery sought by defendants is relevant. But plaintiffs object to providing the discovery on the basis that they have provided much of this information, that defendants failed to confer fully on those requests, that U-Haul seeks documents that do not exist and would have to be created, and that the requests are unduly burdensome. Defendants respond that they have made similar objections in the past.

The court will limit discovery if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Fed. R. Civ. P. 26(b)(2)(C). Plaintiffs argue that the "source" documents underlying their previous production, such as vendor invoices, are cumulative of what has already been produced. They argue that defendants' requests serve no purpose other than to harass and burden them.

It appears from plaintiffs' response that some of the information sought by U-Haul's interrogatories has been turned over. For example, plaintiffs assert they have produced the schedules to their tax returns, files containing sales by customer for each year from 2003 through 2010, and

7

Case 5:08-cv-00403-FL   Document 155   Filed 08/18/11   Page 7 of 9

their bank statements. Despite the suggestion by defendants that their motion to compel the production of "source" documents is no different from plaintiffs' similar motion, it appears to the court that there is some asymmetry in the parties' willingness to produce documents relied upon in making more generalized summary responses to discovery requests.

Nevertheless, plaintiffs have not shown that it would be unduly burdensome to produce certain additional source documents identified by defendants. See, e.g., SMD Software, Inc. v. EMove, Inc., No. 5:08-CV-403-FL, 2011 WL 2491208, at *6 (E.D.N.C. June 22, 2011). For example, information stored in SiteLink and Quickbooks software will not be difficult to produce. It appears that this information includes daily sales reports. Additionally, as plaintiffs themselves previously argued to the court, "source" documents may be used to challenge the veracity of summary responses, and therefore are not necessarily cumulative of that information. Accordingly, the court finds good cause to order the production of (1) any information stored in SiteLink or Quickbooks that is responsive to U-Haul's requests for production; (2) "trial" balance sheets; (3) plaintiffs' vendor invoices; and (4) plaintiffs' daily sales reports.

In sum, defendants' motion to compel is granted in part and denied in part. The motion is granted as to the emails identified as discussing EMove's products, information stored in SiteLink or Quickbooks that is responsive to U-Haul's requests for production, plaintiffs' "trial" balance sheets, plaintiffs' vendor invoices, and plaintiffs' daily sales reports. The motion is denied in all other aspects. Plaintiffs shall produce this information on or before September 5, 2011, absent a particularized showing as to why said information cannot be provided by that date.

## CONCLUSION

For the reasons set forth above, defendants' motion to seal at DE # 128 is ALLOWED IN PART, while its motion to seal at DE # 148 is DENIED. Plaintiff's motion to seal at DE # 117 is similarly ALLOWED IN PART. The parties are directed to file redacted copies of the sealed documents within twenty-one (21) days of date of entry of this order.

Defendants' motion to compel at DE # 144 is ALLOWED IN PART, DENIED IN PART, and DENIED AS MOOT IN PART. The court orders plaintiffs to comply with defendants' discovery requests in the manner set forth more particularly above. Defendants' motion for leave to file a reply in support of their motion to compel at DE # 153 is ALLOWED.

SO ORDERED, this the 17th day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge