THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CV-403-FL

| | | |
|---|---|---|
| SMD SOFTWARE, INC., a North Carolina corporation; and SITELINK SOFTWARE, LLC, a North Carolina limited liability company, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | ORDER |
| EMOVE, INC., a Nevada corporation; U-HAUL INTERNATIONAL, INC., a Nevada corporation; WEB TEAM ASSOCIATES, a Nevada corporation; and A&M ASSOCIATES, an Arizona corporation, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the court upon numerous motions to seal by plaintiffs SMD Software, Inc. ("SMD") and SiteLink Software, Inc. ("SiteLink") (collectively "plaintiffs") (DE ## 186, 210) and by defendants EMove, Inc. ("Emove"), U-Haul International, Inc. ("U-Haul"), Web Team Associates ("Web Team"), and A&M Associates ("A&M") (collectively, "defendants") (DE ## 195, 198, 201, 219, 229, 233). Having reviewed the motions and the filings sought sealed, the court orders as follows.

A.     Plaintiffs' consent motion to seal (DE # 186)

Plaintiffs, through consent motion, move to seal their memorandum in support of their motion to exclude the report and opinions of Tom Litton (DE # 181) as well as exhibits 1, 2, and 8 attached to the same (DE ## 182-1, 182-2, 182-3). Said exhibits are Mr. Litton's report, excerpts

of his deposition transcript, and the report of Dr. Carson Bays, respectively. Plaintiffs also seek to seal exhibit 2 to their memorandum in support of their motion to exclude the report and opinions of Carson Bays – also a copy of Carson Bays's report (DE # 185). Plaintiffs have filed redacted versions of all of these proposed sealed documents. Plaintiffs maintain that all of the foregoing contain confidential financial information.

After examining the memorandum and exhibits at issue in the motion, the court finds that all contain confidential and proprietary information which could be harmful to plaintiffs if revealed to the marketplace. The risk of harm outweighs any public right to access and, where plaintiffs have already filed redacted versions of all of these documents, the alternatives to sealing are inadequate. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). Accordingly, for the reasons set forth more particularly in plaintiffs' consent motion to seal, the court finds good cause to GRANT plaintiffs' motion to seal (DE # 186). The clerk of court is DIRECTED to maintain as sealed docket entries 181, 182-1, 182-2, 182-3, and 185.

B.    Defendants' consent motion to seal (DE # 195)

Defendants, through consent motion, seek to seal their memorandum in support of their motion to exclude the report and testimony of Dr. Nicholas Didow (DE # 194) as well as exhibits A, B, C, D, E, F, G, H, J, K, P, and Q attached thereto (DE ## 194-1 through 194-13). These exhibits are comprised of the following:

- •    Exhibit A: The report of Nicholas Didow
- •    Exhibit B: Excerpts of the February 17, 2012, deposition transcript of Nicholas Didow
- •    Exhibit C: Excerpts of the February 21, 2012, deposition transcript of Nicholas Didow
- •    Exhibit D: The report of Carson Bays
- •    Exhibit E: Excerpts of the deposition transcript of Carson Bays

2

- Exhibit F: The report of Tom Litton
- Exhibit G: Excerpts of the deposition transcript of Tom Litton
- Exhibit H: Excerpts of the August 25, 2010, deposition transcript of Ross Lampe
- Exhibit J: Excerpts of the deposition transcript of Robert Myers
- Exhibit K: Excerpts of the August 24, 2010, deposition transcript of Ross Lampe
  Exhibit P: Profit and loss statement of SMD
- Exhibit Q: Profit and loss statement of SiteLink

Defendants have filed a redacted version of their memorandum in support (DE # 193). The parties maintain that all of these documents contain confidential information.

The court has previously ordered sealed plaintiffs' profit and loss statements and excerpts of Dr. Ross Lampe's deposition transcript. See August 18, 2011, Order 3-5. Similarly here the court finds these excerpts contain business information potentially harmful to the parties' competitive standing. In addition, the court has already ordered that the reports of Tom Litton and Carson Bays be maintained under seal. See supra Part A.

Examination of the other documents at issue, reveals that they also contain confidential financial and business information which, if made public, could harm the parties' business interests, and this risk outweighs the public's right to access these documents. Therefore the court finds good cause to GRANT IN PART defendants' motion to seal (DE # 195). As defendants have filed a redacted copy of their memorandum, the motion is GRANTED with respect to that memorandum, as well as to exhibits C, J, K, P, and Q and the clerk is DIRECTED to maintain docket entries 194, 194-4, and 194-10 through 194-13 under seal. The court does not find good cause to seal exhibits A, B, D, E, F, G, and H in their entirety however. Therefore the clerk is DIRECTED to maintain docket entries 194-1, 194-2, 194-3, and 194-5 through 194-9 under seal and defendants are DIRECTED to file redacted versions of those exhibits, redacting only those portions containing confidential information within thirty (30) days of entry of this order.

3

C.    Defendants' consent motion to seal (DE # 198)

Defendants, by consent motion, seek to seal exhibits A, B, C, H, and I to their memorandum in support of their motion for summary judgment partial summary judgment. These exhibits are lodged at docket entries 197, and 197-1 through 197-5. They are comprised of:

- Exhibit A: Excerpts of the August 24, 2010, deposition transcript of Ross Lampe
- Exhibit B: Excerpts of the August 25, 2010, deposition transcript of Ross Lampe
- Exhibit C: The report of Tom Litton
- Exhibit H: The report of Carson Bays
- Exhibit I: The report of Nicholas Didow

Defendants state that these documents contain confidential pricing, market strategies, expense information, and revenue and revenue growth information.

The public has a First Amendment right of access to these documents submitted in conjunction with a summary judgment motion. See Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 579 (4th Cir. 2004) (citing Rushford v. New Yorker Magazine, 846 F.2d 249, 253 (4th Cir. 1988)). This right of access is stronger than the common law right. In re State–Record Co., 917 F.2d 124, 127 (4th Cir.1990). Thus, the parties must offer a compelling reason to keep these documents under seal. Washington Post at 578-79.

The court has already ordered sealed the reports of Tom Litton, Carson Bays, and Nicholas Didow, which reference confidential information such as plaintiffs' pricing methods, projected costs and profit margin, the parties' revenue and revenue growth information, and customer loyalty information. See supra Parts A., B. The court has also previously ordered that excerpts of Ross Lampe's deposition transcript be sealed where they were filed in connection with a motion for summary judgment, see August 18, 2011, Order 3-5, and finds here also that these excerpts contain

4

confidential and proprietary information which could be harmful to the plaintiffs if revealed to the public.

Balancing the competing interests in access, the court finds good cause to GRANT IN PART defendants' motion to seal (DE # 198). The court finds these documents contain information which the parties have a compelling interest in keeping sealed, but, as these documents also contain information which is not confidential, does not find good cause to seal these documents in their entirety. Accordingly, the clerk is DIRECTED to maintain docket entries 197, and 197-1 through 197-5 under seal and defendants are DIRECTED to file redacted copies of these entries redacting those portions containing confidential information.

D.     Defendants' consent motion to seal (DE # 201)

Defendants, through consent motion, move to file under seal their memorandum in support of their motion for discovery to exclude the report and testimony of Dr. William Putsis, as well as exhibits A, B, D, and F thereto (DE ## 200 and 200-1 through 200-7). Said exhibits are as follows:

- •     Exhibit A: The report of William Putsis
- •     Exhibit B: Excerpts of the deposition transcript of William Putsis
- •     Exhibit D: The report of Carson Bays
- •     Exhibit F: The report of Tom Litton

Defendants have filed a redacted version of their memorandum in support (DE # 191). Defendants urge that these documents contain confidential information such as the parties pricing and marketing strategies, expense information, revenue and growth information, and relative market share.

The court has already ordered that the reports of Tom Litton and Carson Bays are to be maintained under seal. See supra Part A. Upon review of the other documents at issue, the court agrees that they too contain confidential information, the publication of which may harm the parties'

5

business interests and competitive standing. This risk of harm outweighs the public's interest in accessing the documents.

Accordingly, for the reasons set forth in defendants' motion to seal, the court finds good cause to GRANT IN PART defendants' motion to seal (DE # 201). Where defendants have filed a redacted version of their memorandum, the motion to seal the memorandum is GRANTED, and the clerk is DIRECTED to maintain docket entry 200 under seal. The court does not, however, find good cause to seal the exhibits in their entirety. Therefore the clerk is DIRECTED to maintain docket entries 200-1 through 200-7 under seal and defendants are DIRECTED to file redacted versions of these exhibits, redacting only those portions containing confidential information within thirty (30) days of entry of this order.

E.    Plaintiffs' consent motion to seal (DE # 210)

Plaintiffs, through consent motion, move to seal the following:

- Plaintiffs' response in opposition to defendants' motion for discovery to exclude the report and testimony of Dr. William Putsis as well as exhibits 2, 9, and 16 thereto (DE ## 207 and 207-1, through 207-6). These exhibits are the report of William Putsis, excerpts of the deposition transcript of William Putsis, and excerpts of part three of the August 13, 2009, 30(b)(6) deposition transcript of E-move, respectively.

- Plaintiffs' response in opposition to defendants' motion for discovery to exclude the report and testimony of Dr. Nicholas Didow as well as exhibits 1, 2, 6, 8, 17, 18, and 24 thereto (DE ## 209 and 209-1 through 209-8). Said exhibits are as follows:

  - Exhibit 1: The report of Nicholas Didow
  - Exhibit 2: Excerpts of the February 17, 2012, deposition transcript of Nicholas Didow

6

- Exhibit 6: Excerpts of part three of the August 13, 2009, 30(b)(6) deposition transcript of E-move
- Exhibit 8: Excerpts of the deposition transcript of Ozkan Kenes
- Exhibit 17: The report of Tom Litton
- Exhibit 18: Excerpts of the deposition transcript of Carson Bays
- Exhibit 24: The report of Carson Bays

- Plaintiffs' response in opposition to defendants' motion for partial summary judgment and exhibits 2, 3, 4, 5, 8, 14, 15, and 19 thereto (DE ## 205 and 205-1 through 205-9). Said exhibits are as follows:

  - Exhibit 2: Excerpts of the August 25, 2010, deposition transcript of Ross Lampe
  - Exhibit 3: The report of Nicholas Didow
  - Exhibit 4: Excerpts of the August 24, 2010, deposition transcript of Ross Lampe
  - Exhibit 5: Excerpts of the deposition transcript of Srini Vassan
  - Exhibit 8: Excerpts of the October 13, 2010, 30(b)(6) deposition transcript of U-Haul
  - Exhibit 14: Master Services Agreement
  - Exhibit 15: Excerpts of the August 13, 2009, 30(b)(6) deposition transcript of E-move
  - Exhibit 19: Excerpts of the deposition transcript of Ozkan Kenes

Plaintiffs have filed redacted versions of all of these documents save their brief excerpt of part three of the August 13, 2009 30(b)(6) deposition transcript of E-move (DE# 207-6) and the Master Services Agreement (DE # 205-7). Plaintiff maintains that the foregoing contain the parties' confidential financial, market share, and/or pricing information.

The court has already ordered sealed many of the documents at issue in this motion. After examining the memoranda and exhibits at issue in the motion, the court finds that all contain confidential and proprietary information which could be harmful to one or both of the parties if revealed to the marketplaces. The risk of harm outweighs any public right to access, and where plaintiffs have already filed redacted versions of most of these documents, the alternatives to sealing

7

are inadequate. With regard to the materials filed in connection with plaintiff's response in opposition to defendants' motion for partial summary judgment, the court finds that plaintiffs' have demonstrated a compelling interest in maintaining those materials under seal sufficient to overcome the public's First Amendment right of access. Accordingly, for the reasons set forth more particularly in plaintiffs' consent motion to seal, the court finds good cause to GRANT plaintiffs' motion to seal (DE # 210). The clerk of court is DIRECTED to maintain as sealed docket entries 205, 205-1 through 205-9, 207, 207-1 through 207-6, 209, and 209-1 through 209-8.

F. Defendants' consent motion to seal (DE # 219)

Defendants move by consent motion to seal exhibit B to their response to plaintiffs' motion to exclude the report and opinions of Tom Litton (DE # 217), and exhibit B to their response to plaintiffs' motion to exclude the report and opinions of Carson Bays. (DE # 218). These exhibits are excerpts of the deposition transcripts of Tom Litton and Carson Bays, respectively.

The court has ordered sealed other excerpts from the deposition transcripts of Tom Litton and Carson Bays, see supra Parts A., E., and it similarly finds here that these exhibits contain confidential and proprietary information which could be harmful to the parties if revealed to the marketplace. This risk of harm outweighs any public right to access. Accordingly, for the reasons set forth in defendants' motion to seal, the court finds good cause to GRANT IN PART defendants' motion to seal. (DE # 219). However, the court does not find cause to seal the entire document. The clerk is therefore DIRECTED to maintain docket entries 217 and 218 under seal, and defendants are DIRECTED to file within thirty (30) days of entry of this order redacted versions of these exhibits, redacting only those portions containing confidential information.

8

G. Defendants' consent motion to seal (DE # 229)

Defendants have filed a consent motion seeking to seal the following documents:

- Their reply in support of their motion for partial summary judgment (DE # 226).

- Their reply in support of their motion for discovery to exclude the report and testimony of Nicholas Didow and exhibits A, B, and G attached thereto (DE ## 227, 227-1, 227-2, and 227-3). More specifically, these exhibits are:

  - Exhibit A: Plaintiffs' sales notes and call logs
  - Exhibit B: Excerpts of the February 17, 2012, deposition transcript of Nicholas Didow
  - Exhibit G: Excerpts of the February 21, 2012, deposition transcript of Nicholas Didow

- Their reply in support of their motion for discovery to exclude the report and testimony of William Putsis and exhibit A thereto, where exhibit A is excerpts of the deposition transcript of William Putsis (DE ## 228 and 228-1).

Defendants have filed redacted versions of all three replies. Defendants state that all of the proposed sealed materials contain the parties' confidential business and financial information, including without limitation customer information, marketing strategies, expense information, and more. Much of this information is similar or identical to that which the court has previously allowed to be filed under seal in this case.

With respect to defendants' reply in support of their summary judgment motion, the parties must offer a compelling reason to keep these documents under seal to overcome the public's First Amendment Right of access to materials filed in conjunction with a motion for summary judgment. See Washington Post at 578-79. The court concludes they have done so where this reply contains expense information and information relating to the nature of EMove's relationship with U-Haul.

9

The court also takes note of the redacted version of defendants' reply wherein they have carefully redacted only those portions containing information for which they have a compelling interest in maintaining as confidential while leaving the great majority of their reply public. Thus, balancing the interests, the court finds good cause to GRANT that part of the motion seeking to seal defendants' reply in support of their summary judgment motion. The clerk is therefore DIRECTED to maintain docket entry 226 under seal.

With respect to the remaining documents defendant's seek to seal in this motion, the court also notes that it has ordered excerpts of the deposition transcripts of Nicholas Didow and William Putsis to be filed under seal, see supra Parts B., D., and likewise finds here that these excerpts also contain confidential information, the publication of which could harm the parties' competitive standing. Scrutiny of the remaining documents at issue in this motion – defendants' replies in support of their motions for discovery to exclude the reports and testimony of William Putsis and Nicholas Didow, and of plaintiffs' sales notes and call logs – makes clear that these documents contain confidential information that would be harmful to the parties of made public. Where certain of these documents also contain information that is not confidential and defendants have not filed redacted versions thereof, the court does not find good cause to seal all of these documents in their entirety. Therefore the clerk is DIRECTED to maintain under seal docket entries 227, 227-1, 227-2, 227-3, 228, and 228-1 and defendants are DIRECTED to file within thirty (30) days of entry of this order redacted versions of docket entries 227-2 and 228-1.

H.    Defendants' consent motion to seal (DE # 233)

Defendants, through consent motion to seal, move to file under seal many full transcripts of depositions which they had cited in previous filings (DE ## 232 and 232-1 through 232-21).

10

Defendants had previously attached only the cited page(s) as exhibits, but pursuant to court order dated June 22, 2011 (DE # 150, p. 13), they now file the transcripts in full. Defendants maintain these transcripts contain confidential financial, market share, pricing, marketing, technical, and customer information, all of which is kept confidential by the parties.

Examination of the transcripts reveals that they contain a great deal of confidential and proprietary information which would be harmful to the parties if made public. Where not all of the information in these complete transcripts is directly relevant to the court's evaluation of the pending motions, the court finds that the public has only a marginal interest in accessing this information. Further, given the volume of these transcripts, there is no practical alternative to sealing. The court notes, however, that should it rely in its decisional process upon portions of these transcripts which are not filed elsewhere as excerpts, it will re-examine whether there is a need to publicly file those portions in light of the public's interest in accessing them.

Accordingly the court finds good cause to GRANT defendants' motion to seal (DE # 233). The clerk of court is DIRECTED to maintain as sealed docket entries 232 and 232-1 through 232-21.

SO ORDERED, this the ⟶ day of March, 2013.

LOUISE W. FLANAGAN
United States District Court Judge

11