THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CV-403-FL

| | |
|---|---|
| SMD SOFTWARE, INC., a North Carolina corporation; and SITELINK SOFTWARE, LLC, a North Carolina limited liability company, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| EMOVE, INC., a Nevada corporation; and WEB TEAM ASSOCIATES, a Nevada corporation, | ) ) ) ) |
| Defendants. | ) |

ORDER

This matter comes before the court on defendants' motion to bifurcate pursuant to Federal Rule of Civil Procedure 42(b) (DE 272), requesting that trial of issues related to liability be separate from, and precede trial of issues related to damages. The motion has been fully briefed, and issues raised are ripe for ruling.

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Decision on whether to bifurcate trial is committed to the sound discretion of the trial judge. Bowie v. Sorrell, 209 F.2d 49, 51 (4th Cir. 1953). "The party requesting separate trials bears the burden of convincing the court that such an exercise of its discretion will (1) promote greater convenience to the parties, witnesses, jurors, and the court, (2) be conducive to expedition and economy, and (3) not result in undue prejudice to any party." F & G

Scrolling Mouse, L.L.C. v. IBM Corp., 190 F.R.D. 385, 387 (M.D.N.C. 1999).

Although bifurcation should be encouraged where experience has demonstrated its worth it "is not to be routinely ordered." Fed. R. Civ. P. 42(b) advisory committee's note to the 1966 amendment; see also F&G Scrolling Mouse, LLC, 190 F.R.D. at 387-88 (noting that bifurcation is not the usual course of events and that there is a presumption in favor of a unitary trial). Where evidence of liability and damages overlap, bifurcation is inappropriate. Coryn Grp. II, LLC v. O.C. Seacrets, Inc., No WDQ-08-2764, 2011 WL 5825689, at *2 (D.Md. Nov. 16, 2011)(citing 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2390 (3d ed.2010)).

"One of the purposes of bifurcation under Rule 42(b) is to defer costly discovery and trial preparation costs pending the resolution of preliminary liability issues." Novopharm Ltd. v. Torpharm, Inc., 181 F.R.D. 308, 312 (E.D.N.C. 1998). Indeed, "simplification of discovery is the major benefit of bifurcation." Id. (quotations omitted).

In this case, the court finds that bifurcation is not appropriate. Much of defendants' argument for bifurcation revolves around the fact that a finding of no liability in bifurcated proceedings would obviate the need for trial on damages. This argument, however, does not show that this case especially should be bifurcated. See R.E. Linder Steel Erection Co., Inc. v. Wedemeyer, Cernik, Corrubia, Inc., 585 F. Supp. 1530, 1534 (D. Md. 1984) ("[Defendants] point out that trial of the damages issues will be rendered unnecessary if the jury returns a verdict for the defendants. Of course, this potential time savings is true in all bifurcated cases."). In addition, discovery has closed, therefore the "major benefit" of bifurcation no longer can be had. See Novopharm Ltd., 181 F.R.D. at 312. Moreover, as plaintiffs note, there is overlap in the evidence of liability and damages where their expert will testify as to both liability and damages. Thus, the

2

court finds that defendants have not met their burden of showing that bifurcation will promote greater convenience, and economy. Therefore defendants' motion to bifurcate is DENIED.

SO ORDERED, this the 26th day of July, 2013.

*[signature]*
LOUISE W. FLANAGAN
United States District Court Judge

3