THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CV-403-FL

| | |
|---|---|
| SMD SOFTWARE, INC., a North Carolina corporation; and SITELINK SOFTWARE, LLC, a North Carolina limited liability company, ) ) ) ) ) | |
| Plaintiffs, ) ) | MEMORANDUM OPINION |
| v. ) ) | |
| EMOVE, INC., a Nevada corporation; and WEB TEAM ASSOCIATES, a Nevada corporation, ) ) ) ) | |
| Defendants. ) | |

This matter comes before the court on defendants' motion *in limine* seeking to exclude the testimony of Brad Lund ("Mr. Lund") and M. Anne Ballard ("Ms. Ballard") (DE 314), denied by text order entered earlier this day. Defendants assert that plaintiffs failed to timely produce all agreed-upon documentation for these witnesses. Defendants further contend that many questions asked of Mr. Lund by plaintiffs' counsel during his deposition *de bene esse* were beyond the scope of permissible topics established by the court's October 10, 2013, order, which stated that his testimony was to be limited to "issues pertaining to his receipt of the comparison chart." SMD Software, Inc., v. EMove, Inc., No. 5:08-CV-403, 2013 WL 5592808, at *6 (E.D.N.C. Oct. 10, 2013). They therefore request exclusion of these witnesses citing to prejudice in their pre-trial preparations.

The court disagrees with defendants' assertion that a majority of the questions asked of Mr.

Lund by plaintiffs' counsel in his deposition *de bene esse* fell outside the scope of permissible topics established by the court's October 10, 2013, order. Plaintiffs' counsel inquired about Mr. Lund's interpretation of the comparison chart he received, as well as his experiences with plaintiffs' software. As plaintiffs note, such questions bore on topics which informed Mr. Lund's view of the comparison chart he received.[1]

With respect to the untimely disclosures, plaintiffs admit that they have "technically violated this Court's order as to the *timing* of the production of documents." Pls.' Resp. Opp'n. Defs.' Mot. *in Limine* 9. Plaintiffs note, however, they attempted to earlier acquire documents from Ms. Ballard. Further, as defendants acknowledge, plaintiffs supplemented their disclosures with respect to both Ms. Ballard and Mr. Lund prior to deposition, and further supplemented their disclosures relating to Ms. Ballard after her deposition, and have arranged for another deposition of her. Plaintiffs' ability to timely obtain these documents was limited.

Although the terms of the court's order were violated, given plaintiffs' apparent good faith efforts to remedy prejudice accruing to defendants, and the fact that these mistakes were made in the press of trial preparation, the court finds exclusion of these witnesses to be an unduly harsh sanction. Nevertheless, where plaintiffs' untimely disclosures created a need for defendants to again depose Ms. Ballard, the court hereby ORDERS that all attorneys fees and costs of this second deposition shall be taxed against plaintiffs. Moreover, where this second deposition is proposed to take place the day after tomorrow, and there are numerous documents to review, should defendants seek at time of trial to show cause why voir dire of this witness should be allowed, in advance of her

---

[1] The court does not resolve at this time evidentiary objections better suited for address in the context of trial, including issues such as those raised by defendants in a footnote relating to the relevance, foundation, or prejudice of portions of Mr. Lund's testimony. See Defs.' Mem. Supp. Mot. *in Limine* to Exclude Brad Lund and Anne Ballard, 5 n. 8.

trial testimony, they may make such a request.

Defendants' motion *in limine* (DE 314), seeking to exclude these persons from trial, in the court's discretion, is DENIED.

SO ORDERED, this the 18th day of November, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge