THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CV-403-FL

| | | |
|---|---|---|
| SMD SOFTWARE, INC., a North Carolina corporation; and SITELINK SOFTWARE, LLC, a North Carolina limited liability company, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| EMOVE, INC., a Nevada corporation; and WEB TEAM ASSOCIATES, a Nevada corporation, | ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the court on defendants' motion to reopen the cross-examination portion of the *de bene esse* deposition of Brad Lund on a limited basis (DE 388). Plaintiffs have responded in opposition, and the issue raised are ripe for ruling. For reasons discussed more particularly below, the court DENIES defendants' motion.

## BACKGROUND

Reference is made to prior orders for a more complete recitation of the history and background of this case. The court summarizes here case background of particular importance to the issue now before the court.

On July 16, 2013, plaintiff identified twenty-one (21) potential new witnesses. Defendant moved to exclude these witnesses asserting, among other things, that these witnesses were untimely disclosed without good cause. The court held hearing on the matter on September 26, 2013, at which hearing it directed plaintiffs to supplement their response to defendants' motion, informing

more particularly as to which of the newly-disclosed witnesses they would seek to introduce, and allowed defendants the opportunity to response to plaintiffs' supplemental response. In accordance with this order, plaintiffs responded that they would seek to have ten (10) of these witnesses testify (DE 294). Defendants responded, arguing that all of these witnesses, save one, Brad Lund, should be excluded (DE 295). Defendants further maintained that Mr. Lund's testimony should be "strictly limited to issues pertaining to his purported receipt of a 2005 comparison chart in 2013."[1] Defs.' Supplemental Resp. Supp. Mot. to Exclude 3.

By order entered October 10, 2013, the court excluded all but two of the ten (10) witnesses plaintiffs sought to introduce. One of the two witnesses allowed was Mr. Lund; however, the court noted that "his testimony must be limited to issues pertaining to his receipt of the comparison chart." October 10, 2013, Order 12. The court also required plaintiffs to produce Mr. Lund for deposition at their expense no later than November 5, 2013, and to produce documentation on Mr. Lund at least five business days prior to his deposition. Id. The parties conducted a *de bene esse* deposition of Mr. Lund on November 4, 2013. During this deposition, defendants vigorously objected to plaintiffs' questioning that went beyond Mr. Lund's physical receipt of the chart. Defendants' cross-examination of Mr. Lund also was largely limited to his physical receipt of the 2005 comparison chart.

On November 12, 2013, defendants filed a motion in limine seeking, in relevant part, to exclude the testimony of Mr. Lund from trial. Defendants noted that plaintiffs did not timely produce the documentation on Mr. Lund as required and maintained that the majority of plaintiffs'

---

[1] As detailed at length in the court's prior orders advertising brochures released in 2004, 2005, and 2008, are at the center of this case. These brochures each contain charts comparing WebSelfStorage, a product marketed by defendant EMove, Inc., with, among others, plaintiffs products. Mr. Lund has testified that in 2013, he received one of the 2005 versions of this chart. Lund *De Bene Esse* Dep. 11 (DE 353-2).

2

questions to Mr. Lund in his *de bene esse* deposition addressed topics beyond the scope allowed by this court's October 10, 2013, order.

By order entered November 18, 2013, the court denied defendant's motion, noting that questions relating to Mr. Lund's interpretation of the chart he received, and his experiences with plaintiffs' software, bore on topics informing Mr. Lund's view of the comparison chart he received. However, in light of plaintiffs' violations with respect to failure to timely produce required documents, although the court found exclusion of Mr. Lund to be an unduly harsh sanction given plaintiffs' apparently good faith efforts to remedy this violation, the court imposed various sanctions on plaintiffs.

At pretrial conference held November 22, 2013, defendants made an oral motion for reconsideration of the November 18, 2013, order. The court denied this motion by order entered November 25, 2013. The court noted that defendants' may well have more expansively questioned Mr. Lund had they not steadfastly believed certain topics to be outside the scope of the court's order allowing his deposition. Nevertheless, the court held that defendants unreasonably understood the October 10, 2013, order as narrowly proscribing Mr. Lund's testimony solely to the fact he received the chart and the circumstances under which he received it.

Shortly after decision on these motions, the sudden illness of plaintiffs' expert witness necessitated continuance of trial. In light of various scheduling conflicts, the court continued trial from December 3, 2013, until May 7, 2014. On February 14, 2014, defendants filed the instant motion, seeking to reopen the cross-examination portion of Mr. Lund's *de bene esse* deposition as to those substantive topics on which plaintiff's counsel questioned Mr. Lund going beyond the fact of his receipt of the comparison chart and the circumstances of his receipt thereof. Plaintiffs'

3

responded in opposition, and the matter is ripe for ruling

## COURT'S DISCUSSION

As an initial matter, the parties disagree as to the relevant rules governing whether the cross-examination portion of Mr. Lund's *de bene esse* deposition may be reopened. Defendants look to Federal Rule of Civil Procedure 30(a)(2) which provides that a party "must obtain leave of the court, and the court must grant leave to the extent consistent with Rule 26(b)(2): (A) if the parties have not stipulated to the deposition and: . . . (ii) the deponent has already been deposed in the case." As relevant here, Rule 26(b)(2) states that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative . . . (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiffs, on the other hand, contend that defendants' request to reopen Mr. Lund's *de bene esse* deposition constitutes an attempt to modify the Court's October 10, 2013, order, and plaintiffs must therefore satisfy the standard set forth in Rule 16(b)(4). This rule provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Assuming, without deciding, that Rule 16 does not apply, and that Rule 30(a)(2) provides the proper framework for decision, the court nevertheless finds that it would be improper to reopen Mr. Lund's deposition. When considering whether to grant leave to reopen a deposition "the burden is on the opposing party to demonstrate that" Rule 26(b)(2) bars the second deposition. <u>Judicial Watch, Inc. v. U.S. Dep't of Commerce</u>, 34 F. Supp. 2d 47, 54 (D.D.C. 1998). Thus, the court must not grant leave to reopen Mr. Lund's deposition if plaintiffs show that the information sought is unreasonably cumulative or duplicative, that defendants had ample opportunity to obtain this

4

information, or that the burden of this deposition outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

Plaintiffs have made such a showing. As plaintiffs have noted, defendants had ample opportunity to cross-examine Mr. Lund on these topics during his first *de bene esse* deposition, but failed to do so. Defendants assert that they did not cross-examine Mr. Lund on certain topics based upon their belief that such topics were outside of the scope of this court's October 10, 2013, order allowing his testimony, and a fear that such cross-examination would be viewed as implied consent or "opening the door" to Mr. Lund's testimony on these topics, or otherwise waiving their objections to such testimony. This contention is without merit.

As an initial matter, the court stated in its November 25, 2013, order denying defendants' motion to reconsider the court's denial of their motion in limine seeking to preclude Mr. Lund, that defendants "unreasonabl[y]" understood the proper scope of Mr. Lund's allowable testimony under the court's October 10, 2013, order. Second, cross-examination of Mr. Lund by defendants on the topics defendants understood to be outside the scope of his allowable testimony would not have amounted implied consent to such testimony where defendants had already repeatedly objected on the record to plaintiffs' questioning on such topics. And although defendants objections were already in place, defendants could have further protected those objections against any feared implied waiver by noting that any questions on cross-examination regarding the objected-to topics did not waive those objections. Furthermore, the parties stipulated that objections to questions – except objections to form – did not need to be made during the deposition, but could be made "for the first time during . . . trial . . . or any pre-trial hearing." Lund *De Bene Esse* Dep. 4.

In essence, defendants argue that because their tactical decision regarding their cross-

5

examination did not achieve the result they desired they should be allowed to reopen that cross-examination. Defendants' tactical decision does not negate the fact that they had ample opportunity to cross-examine Mr. Lund but chose not to. Cf. E.E.O.C. v. Bardon, Inc., RWT 08CV1883, 2010 WL 1780126 (D. Md. May 3, 2010) ("Nothing in the record suggests that Aggregate had anything less than a full and fair opportunity to address the critical issues during that deposition. The tactical decision by Aggregate to depose Ms. Borrell for two hours and twenty-five minutes does not demonstrate that the deposition was in any way deficient."). Because defendants had ample opportunity to cross-examine Mr. Lund at his prior deposition but chose not to, the court denies their motion.

## CONCLUSION

Based upon the foregoing, defendants' motion to reopen the cross-examination portion of the *de bene esse* deposition of Brad Lund (DE 388) is DENIED.

SO ORDERED, this the 27th day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge