IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CV-403-FL

| | | |
|---|---|---|
| SMD SOFTWARE, INC., a North Carolina corporation; and SITELINK SOFTWARE, LLC, a North Carolina limited liability company, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | JURY INSTRUCTIONS |
| v. | ) ) | |
| EMOVE, INC., a Nevada corporation; and WEB TEAM ASSOCIATES, a Nevada corporation, | ) ) ) ) | |
| Defendants. | ) | |

TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ALL PERSONS EQUAL BEFORE THE LAW – ORGANIZATIONS . . . . . . . . . . . . . . . . . . 6

EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

BURDEN OF PROOF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

NOT EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED . . . . . . . . . . . . . . . . . . . . . 11

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CHARTS AND SUMMARIES ADMITTED IN EVIDENCE . . . . . . . . . . . . . . . . . . . . . . 15

CHARTS AND SUMMARIES NOT ADMITTED IN EVIDENCE . . . . . . . . . . . . . . . . . . . 16

PUFFERY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

MULTIPLE DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS OR
      PRACTICES – ELEMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS OR
      PRACTICES – FALSE STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS OR
      PRACTICES – IN OR AFFECTING COMMERCE . . . . . . . . . . . . . . . . . . . . 21

UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS OR
      PRACTICES – PROXIMATE CAUSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS OR
      PRACTICES – DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

CONTRIBUTORY FALSE ADVERTISING AND CONSTRUCTIVE KNOWLEDGE . . . . . 26

FALSE ADVERTISING UNDER LANHAM ACT – ELEMENTS . . . . . . . . . . . . . . . . . . . . 27

FALSE ADVERTISING UNDER LANHAM ACT – FALSE STATEMENT . . . . . . . . . . . . . 28

FALSE ADVERTISING UNDER LANHAM ACT – MATERIALITY . . . . . . . . . . . . . . . . . 29

FALSE ADVERTISING UNDER LANHAM ACT – PRESUMPTION OF DECEPTION . . . . 30

FALSE ADVERTISING UNDER LANHAM ACT – DECEPTION . . . . . . . . . . . . . . . . . . . . 32

FALSE ADVERTISING UNDER LANHAM ACT – INTERSTATE COMMERCE . . . . . . . . 34

FALSE ADVERTISING UNDER LANHAM ACT – DEFENDANT EMOVE'S GAINS . . . . 35

PRODUCT DISPARAGEMENT – ELEMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

PRODUCT DISPARAGEMENT – STATUTE OF LIMITATIONS . . . . . . . . . . . . . . . . . . . . 37

PRODUCT DISPARAGEMENT – FALSE STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . 38

PRODUCT DISPARAGEMENT – MALICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

2

PRODUCT DISPARAGEMENT – DAMAGES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

PUNITIVE DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

PUNITIVE DAMAGES – WHETHER TO MAKE AWARD AND AMOUNT OF AWARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

NO DUTY TO MITIGATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

EFFECT OF INSTRUCTION AS TO DAMAGES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

VERDICT – DELIBERATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

## INTRODUCTION

Members of the Jury:

Now that you have heard all of the evidence to be received in this trial and each of the arguments of the plaintiffs and the defendants, it becomes my duty to give you the final instructions of the court as to the law applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the court – those given to you at the beginning of the trial, those given to you during the trial, and these final instructions – must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the court, and to apply the rules of law so given to the facts as you find them from the evidence received during the trial.

The plaintiffs and the defendants have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by the parties and that stated by the court in these instructions, you, of course, are to be governed by the instructions given to you by the court.

You are not to single out any one instruction alone as stating the law, but must consider the

instructions as a whole in reaching your decision.

Neither are you to be concerned with the wisdom of any rule of law stated by the court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in the instructions of the court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence received in the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors here in the courtroom; and to arrive at a verdict by applying the same rules of law, as now being given to each of you in these instructions of the court.

## ALL PERSONS EQUAL BEFORE THE LAW – ORGANIZATIONS

You should consider and decide this case as a dispute between person of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation or other organization is entitled to the same fair trial as a private individual. All persons, including corporations and other organizations stand equal before the law, and are to be treated as equals.

# EVIDENCE

As I instructed you at the beginning of this case, I remind you now that you must decide this case based upon the evidence you have heard, and not according to any predisposition you may have. Nor may you supply the answer to unanswered questions arising in your mind, conjecturing what you think is the probable answer. The answer must be found within the confines of the evidence presented in court.

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to or that the court may instruct you to find. When attorneys on both sides stipulate or agree as to the existence of a fact you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

In this case the court has received a stipulation that defendants' commercial advertisements about one or more of plaintiffs' products were caused by defendants to enter interstate commerce, and were in commerce.

There are two types of evidence which are generally presented during a trial: direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between

the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

# BURDEN OF PROOF

This is a civil case. Plaintiffs have the burden of proving their case by what is called the preponderance of the evidence. That means plaintiffs have to be produce evidence which, considered in the light of all the facts, leads you to believe that what plaintiffs claim is more likely true than not. To put it differently, if you were to put plaintiffs' and defendants' evidence on opposite sides of the scales, plaintiffs would have to make the scales tip somewhat on their side. If plaintiffs fail to meet this burden, the verdict must be for defendant.

Plaintiffs have the burden of proving certain things that I will identify by "clear and convincing evidence." Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction that the allegations sought to be proved by the evidence are true. Clear and convincing evidence involves a higher degree of persuasion than is necessary to meet the preponderance of the evidence standard.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case and you should therefore put it out of your mind.

## NOT EVIDENCE

Certain things are not evidence and must not be considered by you. I will list them for you now:

1.    Statements, arguments, and questions by the lawyers are not evidence.

2.    Objections to questions are not evidence. Lawyers have an obligation to their client to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.    Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.    Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

## ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED

The law does not require any party to call as witnesses all persons who may appear to have some knowledge of the matters at issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

# CREDIBILITY OF WITNESSES

You heard a number of witnesses testify. You must decide whether to believe a witness and how much to rely on the witness's testimony.

You should consider anything that reasonably helps you to evaluate the testimony. Among the things you may consider are the following:

1.      The witness's appearance, attitude, and behavior on the stand, and the way the witness testified;

2.      The witness's age, intelligence, and experience;

3.      The witness's opportunity and ability to see or hear the things about which the witness testified;

4.      The accuracy of the witness's memory;

5.      Any motive of the witness to tell or not to tell the truth;

6.      Any interest or disinterest a witness might have in the outcome of the case. In evaluating credibility of the witnesses, you should consider whether the witness may benefit in some way from the outcome of this case;

7.      Any bias of the witness;

8.      Opinion or reputation evidence about the witness's truthfulness or untruthfulness;

9.      Prior statements by the witness that were inconsistent or consistent with the testimony given at trial. The testimony of a witness may be discredited or, as we

sometimes say, impeached by showing that he previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility, if any, to be given to the testimony of a witness who has made prior inconsistent or contradictory statements;

10. Prior actions or omissions of the witness that suggest truthfulness or untruthfulness; and

11. The internal consistency of the witness's testimony and its support or contradiction by other evidence.

You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence including that of other "expert witnesses," you may disregard the opinion in part or in its entirety. You, the jury, are the sole judges of the facts of this case.

If you believe that part of what a witness testified to was false, you may choose to distrust other parts also but you are not required to do so. Inconsistencies and contradiction in a witness's testimony, or between the testimony of one witness and another, do not necessarily mean that a

witness is lying. Memory failures and mistaken memories are common and may explain some inconsistencies and contradictions. And it is common for two honest people to witness the same event and to see or hear things differently. It may be helpful when you evaluate inconsistencies and contradictions to consider whether they relate to important or unimportant facts.

You have heard the parties' witnesses testifying here in court, in person and/or through video deposition. You will give testimony by video deposition the same consideration as if the witness had testified from the witness stand in this courtroom. You may believe all, part, or none of the testimony of any witness. You need not believe the testimony of a witness even though it is uncontradicted. You need not accept the testimony as true simply because a number of witnesses agree with each other. You may decide that even unanimous testimony of witnesses is erroneous. But you should act reasonably in deciding whether to reject uncontradicted testimony.

When witnesses are in conflict, you need not accept the testimony of the greater number of witnesses. Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

14

## CHARTS AND SUMMARIES ADMITTED IN EVIDENCE

The parties have presented exhibits in the form of charts and summaries. I decided to admit certain of these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

## CHARTS AND SUMMARIES NOT ADMITTED IN EVIDENCE

You will recall that certain other charts and summaries also have been shown to you. These were displayed in order to help explain or illustrate the contents of books, records, documents, testimony, or other evidence in the case. Because these charts and summaries are not themselves proof of any facts, they have not separately been admitted into evidence.

# PUFFERY

"Puffery" is an exaggerated or extravagant statement made for the purpose of attracting buyers to a particular product or service. It is commonly used in connection with advertising and promotional sales testimonials. Puffery is often employed by business to "puff up" the image of their product. Statements or terms of puffery are usually subjective opinions rather than objective representations of facts. It is assumed that most consumers would recognize puffery as an opinion that cannot be verified. Most reasonable persons would not take puffery literally. The difference between puffery and factual representations is the degree of specificity of the claim. Puffery contains broad, general claims, as in the motto "The Best Chicken in the West." Generally, a business or seller cannot be held liable for misrepresentation if they issue a statement that amounts to mere puffery or "puffing." This type of misrepresentation is immaterial and unreliable. It cannot form the basis for liability. However, if the statement contains a specific misrepresentation or an outright lie, the seller may be liable where false advertising may be punishable according to civil law, as herein described.

17

## MULTIPLE DEFENDANTS

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to plaintiffs, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. Neither defendant is to be prejudiced should you find against the other. All instructions I give you – unless stated otherwise – govern the case as to each defendant.

# UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS OR PRACTICES – ELEMENTS

Plaintiffs contend that defendants engaged in unfair competition and unfair and deceptive trade practices by making false or misleading statements about plaintiffs' products. To win on this claim in this case, plaintiffs must prove by a preponderance of the evidence that:

1.  eMove and/or Web Team made one or more false or misleading statements about plaintiffs' products;

2.  Defendant(s)' conduct was in or affecting commerce; and

3.  Defendant(s)' conduct was a proximate cause of injury to plaintiffs.

# UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS OR PRACTICES – FALSE STATEMENT

Issue Nos. 1-3 ask you to determine whether certain description(s) of fact or representation(s) of fact made by defendants about plaintiffs' products are false or misleading.

A statement is false or misleading if it is:

1.      Literally false;

2.      Literally true, but likely to mislead and to confuse consumers given the merchandising context.

The question is whether the statement is false or misleading in its full context, not whether the statement is false or misleading in isolation.

A literally false message may be either explicit or conveyed by necessary implication when, considering the advertisement in its entirety, the audience would recognize the claim as readily as if it had been explicitly stated. Only an unambiguous message can be literally false.

As to Issue Nos. 1-3 relating to falsity, on which plaintiffs have the burden of proof, if you find that plaintiffs have proven by a preponderance of the evidence, that is that it is more likely than not, that one or more statements is false or misleading, then it is your duty to answer the issue "Yes" in favor of plaintiffs. If, on the other hand, you fail to so find, then it is your duty to answer the issue "No" in favor of defendants.

20

## UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS OR PRACTICES – IN OR AFFECTING COMMERCE

You will recall that as to this element defendants have stipulated that their conduct was in commerce. As I instructed you earlier, you must accept this stipulation as evidence and treat this fact as having been proved.

UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS OR
PRACTICES – PROXIMATE CAUSE

Issue No. 4 reads: "Did *plaintiffs* establish by a preponderance of the evidence that SMD and/or SiteLink suffered injury as a result of any one or more of the description(s) of fact or representation(s) of fact in Issue Nos. 1-3 that you found false or misleading - or as a result of any group of such false or misleading statements or representations - contained within any *single* comparison chart?"

As to this Issue, on which plaintiffs have the burden of proof, plaintiffs must prove by a preponderance of the evidence that:

1.      One or both plaintiffs have suffered injury, and

2.      One or both defendants' conduct was a proximate cause of the plaintiff(s)' injury.

Proximate cause is a cause which in a natural and continuous sequence produces the injury, and is a cause which a reasonable and prudent person could have foreseen would probably produce such injury or some similar injurious result.

There may be more than one proximate cause of an injury. Therefore, plaintiffs need not prove that defendant(s)' conduct was the sole proximate cause of plaintiffs' injury. If you find that plaintiffs have proven that SMD and/or SiteLink suffered injury and that defendant(s)' conduct was a proximate cause of that injury, then it is your duty to answer this issue "Yes" in favor of plaintiffs.

If, on the other hand, you fail to so find, then it is your duty to answer this issue "No" in favor of defendants.

UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS OR

PRACTICES – DAMAGES

Issue No. 5 reads: "In what amount, if any, has SMD and/or SiteLink been injured by any such false or misleading statements?"

If you decide in favor of one or both plaintiffs on the question of liability for unfair competition, plaintiffs are entitled to recover nominal damages even without proof of any actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage caused by the wrongful conduct of defendants.

Plaintiffs may also be entitled to recover actual damages. As to this Issue, on which plaintiffs have the burden of proof, plaintiffs must prove the amount of damages sustained, if any, as a result of defendants' conduct. Such damages would include any loss in profits suffered by plaintiffs.

Plaintiffs are not required to prove with mathematical certainty the extent of their injury in order to recover damages. Thus, plaintiffs should not be denied damages simply because they cannot be calculated with exactness or a high degree of mathematical certainty. An award of damages must be based on evidence which shows the amount of plaintiffs' damages with reasonable certainty. However, you may not award any damages based upon mere speculation or conjecture. If you find that plaintiffs have proven an amount of actual damage with reasonable certainty, it is your duty to write that amount in the blank space provided. If, on the other hand, you fail to so find, then it would

be your duty to write a nominal amount such as "One Dollar" in the blank space provided.

## CONTRIBUTORY FALSE ADVERTISING AND CONSTRUCTIVE KNOWLEDGE

Issue No. 6 asks you to determine if plaintiffs established by a preponderance of the evidence that Web Team participated in the creation or development of the 2004, 2005, and 2008 Comparison Charts with knowledge or constructive knowledge that any one or more of the description(s) of fact or representation(s) of fact in Issue Nos. 1-3 that you found false or misleading were false or misleading?

Because Web Team was not the advertiser, Web Team may be held liable for any injury to plaintiffs in this case only if plaintiffs prove by a preponderance of the evidence that Web Team participated in the creation or development of the comparison charts having knowledge or constructive knowledge that the charts contained false or misleading statements.

Web Team is said to have "constructive knowledge" of the false or misleading nature any statements which you find to be false or misleading if it had knowledge of facts from which it reasonably should have known that any of statements which you may find were false or misleading were false or misleading. Thus, if you find that Web Team participated in the creation of these charts, when they either knew or reasonably should have known that the charts contained false or misleading statements, then it is your duty to answer this Issue "Yes" in favor of plaintiffs. If, on the other hand, you fail to so find, then it is your duty to answer this Issue "No" in favor of defendant Web Team.

26

# FALSE ADVERTISING UNDER LANHAM ACT – ELEMENTS

Plaintiffs claim that defendants are liable for false advertising under the Lanham Act. To prove this claim, plaintiffs must prove the following facts by a preponderance of the evidence:

1. One or both defendants made a false or misleading statement of fact in a commercial advertisement about one or more of plaintiffs' products;

2. The statement(s) deceived a substantial segment of self-storage facility management software consumers;

3. The deception was material because it was likely to influence the purchasing decisions of these consumers;

4. Defendants caused the false or misleading statement(s) to enter interstate commerce.

5. Plaintiffs have been injured as a result of the false or misleading statement. Injury includes direct diversion of sales from plaintiffs to defendants or a loss of goodwill associated with plaintiffs' products.

If you find that plaintiffs have proven each of these things by a preponderance of the evidence, that is that each of these things is more likely than not to have occurred, then it is your duty to find for plaintiffs on their claim for false advertising under the Lanham Act. If, on the other hand, you find that plaintiffs have failed to prove any one of these things by a preponderance of the evidence, then it is your duty to find for defendants on plaintiffs' claim for false advertising under the Lanham Act.

# FALSE ADVERTISING UNDER LANHAM ACT – FALSE STATEMENT

In order to show a violation of the Lanham Act's prohibition of false advertising, plaintiffs must first prove by a preponderance of the evidence that one or both defendants made a false or misleading statement of fact in a commercial advertisement about one or more of plaintiffs' products.

You will recall that defendants have stipulated that the statement of facts at issue were made in commercial advertisements about one or more of plaintiffs' products. As I instructed you earlier, you must accept this stipulation as evidence and treat this fact as having been proved.

As to the false or misleading nature of these statements, you will recall that in Issue Nos. 1-3 you will determine whether certain description(s) of fact or representation(s) of fact made by defendants about plaintiffs' products are false or misleading.

# FALSE ADVERTISING UNDER LANHAM ACT – MATERIALITY

Issue No. 7 reads: "Did *plaintiffs* establish by a preponderance of the evidence that any one or more of the description(s) of fact or representation(s) of fact in Issue Nos. 1-3 that you found false misleading – or any group of such false or misleading statements or representations – contained within any *single* comparison chart, was material in that it was likely to influence the purchasing decisions of self-storage facility management software consumers?"

A statement is material if it is a statement about an inherent quality or characteristic of a product. A statement may still be material even if it is not about an inherent quality or characteristic of a product. For instance, a statement may be found material if a defendant designed a commercial advertisement around one or more statements that, by themselves, may have been immaterial but, taken together, are intended to convey a message of product superiority or inferiority. As to this Issue, on which plaintiffs have the burden of proof, if you find that plaintiffs have proven by a preponderance of the evidence that one or more false or misleading statements was a statement regarding an inherent quality or characteristic of plaintiffs' product, then it is your duty to answer this Issue "Yes" in favor of plaintiffs. If, on the other hand, you fail to so find, then it is your duty to answer this Issue "No" in favor of defendants.

FALSE ADVERTISING UNDER LANHAM ACT – PRESUMPTION OF DECEPTION

Issue No. 8a asks you to decide if any one or more of the description(s) of fact or representation(s) of fact that you may have found to be false or misleading in Issue Nos. 1-3, and to be material in Issue No. 7, are literally false.

A literally false message may be either explicit or conveyed by necessary implication when, considering the advertisement in its entirety, the audience would recognize the claim as readily as if it had been explicitly stated. Only an unambiguous message can be literally false.

You will only answer this Issue if you find that one or more statements in a commercial advertisement in interstate commerce was false or misleading and material. As to this Issue, on which plaintiffs have the burden of proof, if you find that plaintiffs have proven by a preponderance of the evidence that one or more of the false or misleading statement(s) was literally false, then it is your duty to answer this Issue "Yes" in favor of plaintiffs. If, on the other hand, you fail to so find, then it is your duty to answer this Issue "No" in favor of defendants.

Issue No. 8b asks you to decide if any one or more of the description(s) of fact or representation(s) of fact that you may have found to be false or misleading in Issue Nos. 1-3, and to be material in Issue No. 7, were made by defendants with intent to deceive.

You will only answer this Issue if you find that one or more statements in a commercial

30

advertisement in interstate commerce was false or misleading and material. As to this Issue, on which plaintiffs have the burden of proof, if you find that plaintiffs have proven by a preponderance of the evidence that one or more of the false or misleading statement(s) was made by defendants with intent to deceive, then it is your duty to answer this Issue "Yes" in favor of plaintiffs. If, on the other hand, you fail to so find, then it is your duty to answer this Issue "No" in favor of defendants.

FALSE ADVERTISING UNDER LANHAM ACT – DECEPTION

If you should find in favor of plaintiffs on either Issue Nos. 8a or 8b, then you may presume that customers and prospective customers were deceived by any such statements. However, defendants may overcome this presumption if they prove, by a preponderance of the evidence, that customers and/or prospective customers were not deceived by any such statements.

Accordingly, if you answer "Yes" to Issue, No. 8a or 8b, you will proceed to Issue No. 9, which reads: "Did *defendants* establish by a preponderance of the evidence that any such false or misleading and material statement(s) did *not* actually deceive a substantial segment of self-storage facility management software consumers?"

As to this Issue, if you find that defendants have proven by a preponderance of the evidence that the statements at issue did not actually deceive a substantial segment of self-storage management software consumers then it is your duty to answer "Yes" in favor of defendants. If, on the other hand, you fail so to find, then it is your duty to answer this Issue, "No" in favor of plaintiffs.

If you answer "No" to both Issue Nos. 8a and 8b, you will proceed to Issue No. 10, which reads: "Did *plaintiffs* establish by a preponderance of the evidence that any such false or misleading and material statement(s) actually deceived a substantial segment of self-storage facility management software consumers?"

32

As to this issue, if you find that plaintiffs have proven by a preponderance of the evidence that one or more of the statements made by defendants actually deceived a substantial segment of self-storage facility management software consumers, then it is your duty to answer "Yes" in favor of plaintiffs. If, on the other hand, you fail so to find, then it is your duty to answer this Issue, "No" in favor of defendants.

## FALSE ADVERTISING UNDER LANHAM ACT – INTERSTATE COMMERCE

You will recall that defendants have stipulated that defendants have caused the statements at issue in this case to enter interstate commerce. As I instructed you earlier, you must accept this stipulation as evidence and treat this fact as having been proved.

FALSE ADVERTISING UNDER LANHAM ACT – DEFENDANT EMOVE'S GAINS

Issue No. 11 reads: "In what amount, if any, has eMove gained as a result of any such material, deceptive, and false or misleading statements?"

If you decide in favor of one or both plaintiffs on the question of liability under the Lanham Act, plaintiffs may recover the gains eMove gained from the false or misleading advertising in addition to plaintiffs' damages. You may not, however, include in any award of eMove's gains any amount that you took into account in determining plaintiffs' losses. If you decide for eMove on the question of liability, then you should not consider this issue.

35

# PRODUCT DISPARAGEMENT – ELEMENTS

Plaintiffs contend that defendants engaged in product disparagement by making false or misleading statements about plaintiffs' products. To win on this claim, plaintiffs must prove by a preponderance of the evidence that:

1.  One or both defendants made at least one false or misleading statement about one or more of plaintiffs' products;

2.  Defendant(s) made the statement(s) with malice; and

3.  One or both plaintiffs suffered a monetary loss as a result of defendant(s)' false or misleading statement(s).

PRODUCT DISPARAGEMENT – STATUTE OF LIMITATIONS

Issue No. 12 reads: "Did *plaintiffs* establish by a preponderance of the evidence that the 2004 Comparison Chart was distributed after July 14, 2005?"

Defendants contend, and plaintiffs deny, that plaintiffs' product disparagement claims regarding the 2004 Comparison Chart are untimely and are barred by the applicable statute of limitations.

On this issue, plaintiffs have the burden of proving, by a preponderance of the evidence, that the 2004 Comparison Chart was distributed after July 14, 2005. Accordingly, if you find that plaintiffs have proven that the 2004 Comparison Chart was distributed after July 14, 2005, it will be your duty to answer this Issue "Yes" in favor of plaintiffs. If, on the other hand, you fail to so find, it will be your duty to answer this Issue "No" in favor of defendants.

## PRODUCT DISPARAGEMENT – FALSE STATEMENT

As to the false or misleading nature of these statements, you will recall that in Issue Nos. 1-3 you will determine whether certain description(s) of fact or representation(s) of fact made by defendants about plaintiffs' products are false or misleading.

# PRODUCT DISPARAGEMENT – MALICE

In Issue No. 13, or in Issue No. 17, after you make a determination about whether or not the statute of limitations applies, you are asked if plaintiffs established by a preponderance of the evidence that eMove and/or Web Team made any one or more of the description(s) of fact or representation(s) of fact you found false or misleading in certain issues with malice.

A defendant acts with malice when a defendant makes a statement about a plaintiff's product with the express intent of causing injury. You may infer, but you are not compelled to find, that defendant(s) acted with malice if the statement was made without a substantial basis in fact, or a reasonable person would not have had a good faith belief in the truth of the statement, or that defendant(s) could not honestly have entertained such belief.

As to this Issue, on which plaintiffs have the burden of proof, if you find that plaintiffs have proven by a preponderance of the evidence that eMove and/or Web Team made any one or more damaging false or misleading statements with malice, then it is your duty to answer this Issue "Yes" in favor of plaintiffs. If, on the other hand, you fail to so find, then it is your duty to answer this Issue "No" in favor of defendants.

39

PRODUCT DISPARAGEMENT – DAMAGES

As to whether or not plaintiffs suffered a monetary loss, you will recall that in Issue No. 5 you will determine in what amount, if any, plaintiffs were damaged by any description(s) of fact or representation(s) of fact that you found in Issue Nos. 1-3 to be false or misleading.

## PUNITIVE DAMAGES

In Issue No. 14, or in Issue No. 18, after you make a determination about whether or not the statute of limitations applies, you are asked if plaintiffs proved by clear and convincing evidence that eMove and/or Web Team made any one or more damaging false or misleading statements in certain Issues with malice.

In Issue No. 15, or in Issue No. 19, after you make a determination about whether or not the statute of limitations applies, you are asked if plaintiffs proved by clear and convincing evidence that eMove and/or Web Team willfully or wantonly made any one or more of the description(s) of fact or representation(s) of fact that you found to be false or misleading in certain Issues.

If you find that eMove and/or Web Team made a false or misleading statement about one or more of plaintiffs' products with malice, or willfully or wantonly, that proximately caused SMD and/or SiteLink injury, then you must determine whether punitive damages are warranted. On this issue, the burden of proof is on plaintiffs to prove three things: (1) the existence of malice or willful or wanton conduct; (2) the malice or willful or wanton conduct was related to the injury to SMD and/or SiteLink for which you have already awarded relief; and (3) defendant(s)' officers, directors or managers participated in or condoned the malice or willful or wanton conduct.

Plaintiffs must prove the existence of malice or willful or wanton conduct by clear and convincing evidence. Malice – in the context of punitive damages – means a sense of personal ill

41

will toward plaintiffs that activated or incited eMove and/or Web Team to make the false or misleading statement(s). Willful or wanton conduct means the conscious and intentional disregard of and indifference to plaintiffs' rights, which eMove and/or Web Team knew or should have known was reasonably likely to result in injury, damage or other harm. Willful or wanton conduct means more than gross negligence. Clear and convincing evidence of malice or willful or wanton conduct is evidence which, in its character and weight, establishes malice or willful or wanton conduct in a clear and convincing fashion. You shall interpret and apply the words "clear" and "convincing" in accordance with their commonly understood and accepted meanings in everyday speech.

While plaintiffs must only prove malice by a preponderance of the evidence to win on their claim of product disparagement, in order to obtain an award of punitive damages for product disparagement, plaintiffs must prove malice or willful or wanton conduct by clear and convincing evidence. Thus, you may determine that plaintiffs proved malice both by a preponderance of the evidence and by clear and convincing evidence, such that plaintiffs are entitled to judgment in their favor on their claim of product disparagement and an award of punitive damages for defendants' product disparagement. Or, you may determine that plaintiffs proved malice by a preponderance of the evidence but not by clear and convincing evidence but that plaintiffs also proved by clear and convincing evidence that defendants acted willfully or wantonly, such that plaintiffs are entitled to judgment in their favor on their claim of product disparagement and an award of punitive damages. Or you may determine that plaintiffs proved malice by a preponderance of the evidence, such that plaintiffs are entitled to judgment in their favor on their claim of product disparagement, but that plaintiffs failed to prove by clear and convincing evidence either that defendants acted maliciously,

42

or willfully or wantonly, such that plaintiffs are not entitled to an award of punitive damages for defendants' product disparagement.

Plaintiffs must then prove, by a preponderance of the evidence only, that the malice or willful or wanton conduct was related to the injury to SMD and/or SiteLink for which you have already awarded relief and defendant(s)' officers, directors or managers participated in or condoned the malice or willful or wanton conduct.

If you find by the standards herein explained that eMove and/or Web Team is liable to one or both of plaintiffs for punitive damages, then it would be your duty to decide what amount, if any, to award plaintiffs in punitive damages.

43

PUNITIVE DAMAGES – WHETHER TO MAKE AWARD AND AMOUNT OF AWARD

In Issue No. 16, or in Issue No. 20, after you make a determination about whether or not the statute of limitations applies, you are asked what amount of punitive damages, if any, you will award in your discretion against the defendant(s) for whom you answered "Yes" in response to Issue No. 14 and/or Issue No. 15, or Issue No. 18 and/or Issue No. 19 if you should find the statute of limitations applies.

Whether to award punitive damages is a matter within the sound discretion of the jury. Punitive damages are not awarded for the purpose of compensating plaintiffs for their injury nor are they awarded as a matter of right.

If you decide, in your discretion, to award punitive damages, any amount you award must bear a rational relationship to the sum reasonably needed to punish the defendant(s) for egregiously wrongful acts and to deter the defendant(s) and others from committing similar wrongful acts. In making this determination, you may consider only that evidence which relates to:

1.     The reprehensibility of the defendant's motives and conduct;

2.     The likelihood, at the relevant time, of serious harm to plaintiffs or others similarly situated;

3.     The degree of the defendant's awareness of the probable consequences of its conduct;

4.     The duration of the defendant's conduct;

5.     The actual damages suffered by plaintiffs;

44

6.  Any concealment by the defendant of the facts or consequences of its conduct

7.  The existence and frequency of any similar past conduct by the defendant;

8.  Whether the defendant profited by the conduct; and

9.  The defendant's ability to pay punitive damages, as evidenced by its revenues or net worth.

Finally, if you determine, in your discretion, to award punitive damages, that amount should be written in the space provided on the verdict sheet. If, on the other hand, you determine, in your discretion, not to award one or both plaintiffs any amount in punitive damages, then you should write the word "None" in the space provided on the verdict sheet.

## NO DUTY TO MITIGATE

Generally, an injured plaintiff has a duty to exercise reasonable care to minimize the consequences of a defendant's wrong. This is called a "duty to mitigate." However, an injured plaintiff does not have a duty to mitigate where the wrongdoer has the opportunity to remedy the wrong and avoid damage.

I instruct you that, if you find that either eMove's and/or Web Team's use of the comparison charts at issue was ongoing, you must find that plaintiffs had no duty to mitigate because defendants had an ability to remedy the alleged wrong and avoid any damages. Accordingly, should you find that plaintiffs have been damaged, I instruct that you cannot reduce the amount of damage because you believe that plaintiffs should have done more, or something different, after learning of the comparison charts.

EFFECT OF INSTRUCTION AS TO DAMAGES

The fact I have instruction you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of plaintiffs in the case in accordance with the other instructions.

## VERDICT – DELIBERATIONS

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course

48

of this trial is intended in any way, to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury.

A verdict form has been prepared for your convenience. The answer to each question must be the unanimous answer of the jury.

You will take this form to the jury room and, when you have reached unanimous agreement, you will have your foreperson write your verdicts, date and sign the form, and then return with your verdicts to the courtroom.

If it becomes necessary during your deliberations to communicate with the court, you may send a note, signed by your foreperson or by one or more members of the jury, through the Court Security Officer. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing and the court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

All persons, including court personnel, security officers and members of the Marshals Service, are forbidden to communicate in any way or manner with any member of the jury

concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person – not even to the court – how the jury stands, numerically or otherwise on your votes, until after you have reached a complete and unanimous verdict.

Please be admonished that if you separate for a night's rest at any time during your deliberations, you are, during any such separation, not to talk to anyone about this case or to talk between yourselves about this case. All your deliberations should be conducted as a group in the confines of the jury room. Please also remember and follow all of the other admonitions I have given you throughout this trial for your conduct during recesses. All such instructions also continue to apply during any separations, including restroom breaks, which may occur after you commence your deliberations.

When you begin your deliberations, if there are any among you who desire to smoke I direct the marshal to announce a 5-minute smoking break at approximate 90-minute intervals. During that time smokers will be escorted to the designated smoking area outside this building. I caution you that no deliberations are to take place during such breaks and that deliberations shall not be resumed until everyone is back in the jury room.

50